JAMES D. SOUTHERLAND, PLAINTIFF IN ERROR, vs. JESSE R. R. SANDLIN, DEFENDANT IN ERROR.

1. A petition to contest the election of the office of tax collector was filed within the time prescribed by statute (Section 199, Revised Statutes), and a demurrer thereto was sustained on the ground that the petition failed to set out with sufficient distinctness the grounds of contest with leave to amend; an amendment was filed in accordance with the order of the court, but after the expiration of the time provided by statute for filing an original petition of contest, and therein more definitely set out the grounds of contest originally alleged with a new ground of contest. Motion was made to strike the entire petition on the only ground insisted on that a new ground of contest was incorporated into the amended petition after the expiration of the statutory period within which an original petition could be filed and the motion was denied by the court: Held, without deciding whether the new ground of contest was proper under the statute by way of amendment, that the motion was correctly denied on the objection urged because it sought the dismissal of the entire petition when there were good grounds of contest in it.

Southerland v. Sandlin.—Statement of Case.

2. Where it appears that no assignment of errors was presented to the judge at the time of making an ordinary bill of exceptions as a guide for the making of the same and the bill exhibits no sufficient statement of evidence or facts showing any impropriety of the rulings of the court on the matters sought to be presented, nothing is thereby presented for the appellate court to review.

3. Assignments of error not argued in the appellate court are regarded as abandoned.

Writ of Error to the Circuit Court for DeSoto county.

### STATEMENT.

Defendant in error as contestant filed in the office of the Clerk of the Circuit Court for DeSoto county on the third day of December, 1900, a petition against plaintiff in error as contestee to contest the election for tax collector held on the sixth day of November or that year. The contestee demurred to the petition and the Circuit Judge sustained the demurrer December 7th, 1900, on the ground, as shown by the order, that the petition failed to set out with sufficient definiteness the grounds of contest. Leave was given to amend by rule day in January, 1901, and on the third day of that month contestant filed the following amended petition, viz: To the Honorable Joseph B. Wall, Judge of the Sixth Judicial Circuit of Florida, in and for the county of DeSoto: The petition and complaint of Jesse R. Sandlin respectfully shows that he is a citizen and qualified elector of the county aforesaid; that a general election was held therein on the first Tuesday in November being the sixth day of November, A. D. 1900, and that amongst other offices to be filed at said election by the qualified electors of said county and State was the office of tax collector in and for said county.

Your petitioner further shows that he was a candidate
regularly nominated by a convention held in said county
by the democratic party, and his name was placed upon
the ticket to be voted for at the said election, in manner
and form as the law prescribes, for the said office of tax
collector of said county and State.   Your petitioner
further shows that it has been returned that at said elec-
tion James D. Southerland received four  hundred ` and
thirty-four votes for the said office of tax collector, for
the said county and State, and that Jesse R. Sandlin,
your petitioner received four hundred and nineteen votes
for said office, and that the said James D. Southerland
has been elected thereto by a majority of 15 votes, which
your petitioner charges to be an undue election  and  a
false return of the said James D. Southerland, and he con-
tests his right to said office of tax collector of the said
county.   That the said election and the said return of the
said James D. Southerland is false, fraudulent and un-
true, in this; that at the said election two candidates for
the said office of tax collector were voted for, to-wit:
the said James D. Southerland, who was unduly returned
as having received for the said office four hundred and
thirty-four votes, and the said Jesse R. Sandlin, who was
returned as having received four hundred and nineteen
votes for the said office, whereas your petitioner alleges,
charges and verily believes that at the said election the
said James D. Southerland received not more than four
hundred legal votes, and that your petitioner the said
Jesse R. Sandlin, received at least four  hundred  and
twenty-two legal votes for said office, whereby your peti-
tioner alleges, charges and believes that he, the said Jesse
R. Sandlin, has received the highest number of legal votes
cast at said election for the said office, to-wit: at least

twenty-two more votes than the said James D. Souther-
land, whereby the said Jesse R. Sandlin is elected to the
said office of tax collector of the said county of DeSoto,
and should have been so returned. And your petitioner
specifies more particularly the following grounds of con-
test to-wit: 1st. That in the general returns of the votes
of the said county for the said office of tax collector of
said county, the returns of votes by the inspectors from
the election districts Nos. 2, 3, 8, 10, 11, 17, 18, 20 and 22
of said county, for the said James D. Southerland, for the
said office of tax collector, is erroneously computed at
200 votes, being an excess of 5 votes for District No. 2, 4
votes for District No. 3, 5 votes for District No. 8, 5 votes
for District No. 10, 4 votes for District No. 11, 3 votes
for District No. 17, 2 votes for District No. 18, 2 votes for
District No. 20 and 4 votes for District No 22, making
in all an excess of thirty-four votes beyond the true
number of legal votes which should have been returned
for the said James D. Southerland for said office; the
said excess of thirty-four votes were erroneously counted,
and illegally and fraudulently returned by the said sev-
eral inspectors of the said several election districts of
said county, by counting all such ballots for the said
James D. Southerland as were marked by a cross mark
to the right of the name of the said James D. Souther-
land, and by counting all such ballots for the said James
D. Southerland as were marked by a cross mark opposite
each of the respective names of the said James D. South-
erland and this petitioner for the said office, and by
counting all such ballots as were marked by the cross
mark opposite and directly between the name of the said
James D. Southerland and this petitioner for the said
James D. Southerland, for the said office, for said county,

and by counting all such ballots for the said James D. Southerland as were erroneously marked and mutilated contrary to the legally prescribed methods of counting the ballots and of returning the votes for the said election districts. 2nd. That in the said general returns of votes for the said office of tax collector it was unduly returned that at said election in the said several election districts there were voted for the said James D. Southerland 34 votes in excess of the true number of legal votes which should ahve been returned for the said James D. Southerland in the illegal and fraudulent manner aforesaid, by counting all such ballots for the said James D. Southerland as were marked by a cross mark opposite each of the respective names of the said James D. Southerland and this petitioner, Jesse R. Sandlin, for the said office of tax collector, and by counting all such ballots for the said James D. Southerland as were marked by a cross mark opposite and directly between the respective names of the said James D. Southerland and this petitioner, Jesse R. Sandlin, for the said office of tax collector, and by counting all such ballots as were marked to the right of the names of the said James D. Southerland, and by counting all other such ballots for the said James D. Southerland, for the said office of tax collector as were mutilated and not in conformity, with law. Your petitioner therefore alleges, charges and verily believes that the errors aforesaid were committed in the counting and returning of the votes aforesaid by the said several inspectors, in the said several election districts, and by returning the said several execessive 34 votes in the manner aforesaid and that there should have been only 166 votes returned for the said James D. Southerland for the said office of tax collector, instead of 200

votes which were returned for the said James D. South-erland for the said office of tax collector from the said several election districts, as will appear by a recount of the ballots voted at said election. 3rd. Your petitioner further alleges that the county canvassing board did not, and refused to count the return of the vote of District No. 13, which returns show that your petitioner received three votes cast at said election district for the said office of tax collector, which three votes were the only votes cast at said district for the said office of tax collec-tor, and would have given your petitioner three more votes for the said office, and would have made your peti-tioner's vote for said office four hundred and twenty-two as alleged. 4th.   Your petitioner shows as a further proof of the fraudulent return and undue election of said James D. Southerland as tax collector of said county, that he is informed and believes, and therefore avers that the said election inspectors of said election District No. 2, in addition to the five illegal votes aforesaid returned, did not conduct and hold said election in the manner and form provided by law, in that the said inspectors of said election district negligently, fraudulently and illegally permitted and allowed more than one voter, a great num-ber of person (a more particular description to your pe-titioner unknown), to enter into and be in the polling place of said election district at one and the same time, and did negligently, fraudulently and illegally permit and allow a large number of voters and other persons (a more particular description to your petitioner unknown) to come into, near and around, within less than fifteen feet of said polling place, between the time of the opening of the polls and the completion of the counting of the bal-

22 S C

lots and making the certificate of return, contrary to law; that at said election District No. 2 the said election was not held in the manner and form provided by law, in that the said inspectors thereat fraudulently and illegally permitted and allowed the ballots thereat, and for said district provided by law, to be taken from the polling place of said district and to be inspected by the great number of electors who were wrongfully and illegally in, near and around said polling place, and said inspectors did fraudulently and illegally tear off and distribute to divers persons to your petitioner unknown, from the pad of ballots for said district provided, and did distribute the same to the said persons wrongfully, fraudulently and illegally in, near and around said polling place, and therefore your petitioner avers that the said election in said District No. 2, was illegal and void, and that the votes in said election district ought not to be counted, whereas the same were returned by the said inspectors and clerk of said election district to the county canvassing board as 52 votes for James D. Southerland and 10 votes for Jesse R. Sandlin, for the said office of tax collector, and by the said canvassing board included and counted in the general result; whereby the said James D. Southerland was illegally and wrongfully returned and certified as elected to the office aforesaid, when, in fact, the said Jesse R. Sandlin, your petitioner, was duly elected to said office. Your petitioner, therefore, for the reasons heretofore specified, avers that the vote in said election District No. 2 ought to be rejected and not counted, which would give the said James D. Southerland 353 votes and your petitioner, Jesse R. Sandlin, 412 votes for the said office of tax collector. That all said acts were done and committed with intent and purpose of holding an undue elec-

tion and willful desire to prevent an honest expression of the popular will of the people at said election, and a true ascertainment of the real vote of the qualified voters residing in said election districts aforesaid, who voted at said election; and that in pursuance of such conduct aforesaid on the part of the said inspectors of the said several election districts of the said county, the popular will of the voters of the said several election districts was not ascertained, but was, by the said several inspectors of the said several election districts in the said county defeated, and your petitioner therefore and thereby charges that the said election, in the said several election districts, by the said several inspectors, was false, fraudulent and untrue, and the votes thereat polled should be recounted and a true correct and due return thereof made. Wherefore your petitioner shows that at the said election, and by the means aforesaid, your petitioner has been duly elected to the said office of tax collector for the county aforesaid, having received more legal votes than were given for the said James D. Southerland, the returned candidate, or for any other person for said office, and that, therefore, the election was undue, and the return false in declaring and returning the said James D. Southerland as duly elected to the said office of tax collector. Your petitioner therefore prays that your Honor will apoint a suitable time for hearing this complaint and make such order or orders as may be necessary to exhibit the aforesaid undue election and false return, and that after hearing the proofs of the aforesaid allegation and charges you will order, adjudge and decree the said election and returns of the said James D. Southerland to the office of tax collector of the said county of DeSoto, as aforesaid, to be an undue elec-

tion and a false return, and that the said Jesse R. Sandlin was, at said election, duly and legally elected to said office."

Counsel for contestee filed a motion to strike the amended petition on the following grounds, viz: "1st. Because, with the exception of the allegations contained in paragraph three thereof, relative to the conduct of the election in election District number two of said county, the said amended petition is practically the same petition and sets up the same facts as were set out in the original petition to which a demurrer has been sustained by the court. 2nd. Because the petitioner in paragraph three of said amended petition attempts to introduce a new and distinct ground of contest not embraced in his original petition and notice, and subsequent to the expiration of the time allowed by law for the giving of such notice and the filing of his ground of contest, said amendment not being permissible, and without which, the said petition remains practically the same as the original petition hereinbefore filed. 3rd. The amended petition while setting up the same alleged frauds and irregularities as those contained in the original petition, fails to do so with sufficient particularly to apprise the respondent of the grounds of contest or to sustain said amended petition. 4th. The facts set forth in said petition, even if true, show only irregularities in the conduct of said election, and are not sufficient to affect the *bona fides* of legality thereof. 5th. And for other good and sufficient reasons apparent upon the face of said amended petition."

The Circuit Judge overruled the motion and contestee filed the following answer: "The answer of James D. Southerland to the amended petition of Jesse R. Sandlin. The respondent admits that it is true as set forth in said

petition, that at a general election held in the county of DeSoto, in said State, on the 6th day of November, A. D. 1900, that among other offces to be filled at said election by the qualified electors in said county and State was the office of tax collector in and for said county, and that the said Jesse R. Sandlin was nominated by the convention held in and for said county by the democratic party, and that his name was placed upon the ticket to be voted for in said election, in the manner and form as the law prescribed, for said office of tax collector of said county and State. Further answering respondent admits that it is true that it has been returned at said election your respondent received 434 votes for said office of tax collector of DeSoto county, and that the said Jesse R. Sandlin received 419 votes for said office, and that this respondent has been duly elected thereto by a majority of 15 votes or more. Further answering the respondent respectfully shows that on the 10th day of November, A. D. 1900, the County Judge of said county, the Supervisor of Registration and the Chairman of the Board of County Commissioners of said county of DeSoto, sitting as a County Canvassing Board of Election, in pursuance of law after having made a canvass of the votes cast at the election held on said 6th day of November, A. D. 1900, declared the result of the said canvass, and that the respondent was shown by said canvass to have received the highest number of votes cast for any person for said office of tax collector at said election, and was declared to be elected to said office. And that on the said 10th day of November, A. D. 1900, the supervisor of registration did make, sign and deliver to the said respondent a certificate of election, certifying that on the 10th day of November, A. D. 1900, A. E. Pooser, County Judge of said

county, H. A. Ellis, Supervisor of Registration and William King, Chairman of the Board of County Commissioners of said county, did publicly canvass the returns of the election districts in said county filed with the County Judge and Supervisor of Registration, as required by law, showing the votes cast for tax collector of said county at the election held therefor on the said 6th day of November, A. D. 1900, and according to said returns and canvass that the said respondent received the highest number of votes cast for any person for said office of tax collector of said county. And that a commission under the great seal of the State of Florida, in due form of law, has been issued by the Governor of said State of Florida to the said respondent for a term of two years beginning from the first Tuesday after the first Monday in January, A. D. 1901, and until his successor is duly elected and qualified; and that the respondent is now the incumbent of said office of tax collector for said county, under any by virtue of the election aforesaid, and under and by virtue of the commission issued by the Governor of the State of Florida aforesaid. Your respondent further answering the allegations of said amended petition says he is informed and believes, and so charges the fact to be, that instead of having received 434 votes for tax collector of said county of DeSoto, on the said 6th day of November, A. D. 1900, that he received a much larger number of votes than those actually counted by the inspectors at the said election districts in said county, by reason of the fact that in said several election districts mentioned in said amended petition, the said respondent is informed and believes, and so charges the fact to be, that the inspectors at said election districts declined to count all such votes cast at said elec-

tion for the respondent which contained a cross mark to the right of the respondent's name, and that the said respondent believes that a recount of said votes for respondent in the election districts mentioned in the amended petition herein will exhibit that this respondent has been elected to the office of tax collector of said county by a much larger majority than 15 votes. Further answering the respondent denies that the said Jesse R. Sandlin received the highest number of votes cast at said election for the office of tax collector for DeSoto county, but upon information and belief the respondent charges the fact to be that the said Jesse R. Sandlin received less than 419 legal votes for the office of said tax collector. Further answering the respondent denies that in the general return of votes of said county of DeSoto, for said office of tax collector of said county, the returns of the votes by the inspectors from the election districts numbered 2, 3, 8, 10, 11, 17, 18, 20 and 22, for the respondent for said office of tax collector is erroneously computed at 200 votes, the same being in excess of 5 votes from district No. 2, 4 votes from district No. 3, 5 votes from district No. 8, 5 votes from district number 10, 4 votes from district No. 11, 3 votes from district number 17, 2 votes from district No. 18, 2 votes from district No. 20, and 4 votes from district No. 22, making in all an excess of 34 votes beyond the true number of legal votes which should have been returned for the respondent for the said office of tax collector. Respondent also denies that said 34 votes, or any part thereof, or in fact any of the votes from any of the districts mentioned, were erroneously counted and illegally and fraudulently returned by the said inspectors of the said several election districts of said county aforesaid.

Respondent also denies that all such ballots were counted
for respondent by the inspectors of the election districts.
aforesaid as were marked by a cross mark to the right of
the name of respondent, or that all such ballots were
counted by a cross mark opposite the respondent's name
and the name of the said Jesse R. Sandlin, or that all
such ballots were counted for the respondent as were
marked with a cross mark opposite and directly between
the name of the respondent and the said Jesse R. Sandlin,.
or by counting all such ballots for respondent as were
erroneously marked and mutilated contrary to the le-
gally prescribed methods of counting the ballots and re-
turns of the votes from the said election districts; but
respondent charges the truth to be that the election so
held in the several election districts mentioned, were
legally, honestly and fairly held and conducted, and that
the counting and returns of the said votes were fairly,.
honestly and legally had and made as the law prescribed.
Further answering this respondent says that the allega-
tions contained in paragraphs numbered 1, 2, 4 and 5,
are utterly false and untrue; and that in all things per-
taining to the election held in the election districts men-
tioned in said petition the same was legally, honestly and
fairly conducted, and a true return made of the actual and
true votes thereat cast for the said Jesse R. Sandlin and
this respondent.   Further answering the respondent ad-
mits that the county canvassing board did not, and they
refused to count the return of the votes of district num-
ber 13 in said county; that the said return exhibited that
the said Jesse R. Sandlin received three votes  cast  at
said election in said election district  for office  of tax
collector.   Respondent charges the fact to be that the
returns of said district number 13 in said county were

not signed by the inspectors holding the said election in said election district, and the same were not returned in the manner as prescribed by law. Wherefore the respondent says that there was no undue election, or false return made of him as tax collector of said county of DeSoto, but that he was duly and legally elected to said office by a majority of the legal votes cast at said election on the 6th day of November, A. D. 1900, and therefore prays that said amended petition may be dismissed."

A general replication was filed to the answer and testimony was taken before a commission appointed by the judge. On final hearing a decision was rendered in favor of contestant, the final order reciting "that from the testimony herein consisting of the recount of the ballots cast at district numbered as follows, to-wit: two, three, eight, ten, eleven, seventeen, eighteen, twenty and twenty-two, and the election returns duly made by the election officers and returned by them returned from districts numbered as follows, to-wit: one, four, five, six, seven, nine, twelve, fourteen, fifteen, sixteen, seventeen and twenty-one, showing 428 votes for the contestant and 424 for contestee, and the court being advised that Jesse R. Sandlin, the contestant herein, is entitled to the office of tax collector of DeSoto county, Florida, he, the said Jesse R. Sandlin, having received the greatest number of votes cast at the general election held in said DeSoto county on the sixth day of November, A. D. 1900, for any candidate for said office of tax collector for said county, it is thereupon adjudged, ordered and decreed that the contestee herein, James D. Southerland, be ousted from the office of tax collector in and for the said county of DeSoto, State of Florida, mentioned in the complaint in this action. And it is further adjudged that Jesse R.

Sandlin, named in the petition, and the contestant in this action, is and he is hereby declared to be entitled to the said office of tax collector in and for the county of DeSoto and State of Florida, by virtue of the election in the said petition mentioned." A writ of error was sued out to this judgment.

Other facts will be stated in the opinion.

*John H. Treadwell* and *Wilson & Wilson,* for Plaintiff in Error.

*H. J. Spence* and *M. L. Williams,* (with whom was *J. W. Burton* on the brief), for Defendant in Error.

MABRY, J. (*after stating the facts.*)

This case was referred by the court to its commissioners for investigation and they have reported that the judgment should be affirmed. After due consideration the court is of opinion that the judgment must be affirmed on the record presented, for the reasons now stated.

The first error assigned is that the court erred in overruling the motion of the contestee to strike the amended petition. The only contention made under this assignment of error is that a new ground of contest was incorporated into the amended petition after the expiration of the statutory period within which an original petition specifying the particular grounds on which contestant intended to rely to establish his right to the office was allowed to be filed under the statute. The statute provides that the "contestant shall, within twenty-five days after the canvass by the county canvassing board of the

election returns for such office, file a petition in the office of the clerk of said court, and serve a copy thereof on the contestee by," &c.  *  *  *  "He shall set forth in his petition the particular grounds on which he intends to rely to establish his right to such office." Revised Statutes, Sec. 199. It is argued that after the demurrer was sustained to the original petition a new ground of contest was introduced into the amended petition filed after the expiration of the twenty-five days from the date of the canvass of the returns of election, and the motion indicates that this new ground of contest is contained in paragraph three of the amended petition. Comparing the original and amended petigraph three, but the fourth paragraph of the amended tions, we do not find any new ground of contest in parapetition contains new matter as an additional ground of contest in election district number two, specified in paragraph one. As the motion indicates the nature of the new matter of contest sought to be presented as an objection, it may be regarded as applicable to paragraph four. The motion, it will be observed, is to strike the petition on the sole ground urged that an additional ground of contest was incorporated into the amended petition. If the other grounds of contest stated in the petition are sufficient to call for an answer, it would be improper to strike the petition because of one insufficient ground. The objection argued here should have been confined in a proper way to the ground deemed to have been improperly incorporated into the petition, and if the court had refused to eliminate it, then the question would have been presented whether an entire new ground of contest can under our statute be interjected into the proceedings by amendment after the expiration

of twenty-five days from the canvass of the returns of election. This motion was properly overruled on the objection urged because it sought the dismissal of the entire petition, and was therefore too broad. The other grounds of the motion are not argued and need not be considered.

The second assignment of errors is expressly abandoned, and the tenth and eleventh are passed without argument, and must therefore be considered as abandoned.

Six of the remaining assignments of error presented at the time of making up the transcript for this court, numbered three, four, five, six, seven and eight, relate to orders and rulings of the judge in reference to the admission of evidence in the cause, and the other one, numbered nine, imputes to the judge error in holding that the ballots counted and reported by the commissioner, to whom the cause was referred, were sufficient to overcome the presumption of the correctness of the several returns of the inspectors of the various contested election districts mentioned in the amended petition. All of these matters are *in pais,* and are required to be exhibited to this court by bills of exceptions made up in compliance with the rules prescribed for presenting such matters. We find in the transcript bills of exceptions, but they are not made up so as to properly present the questions designed to be raised.

In reference to the ordinary bill, the rule requires that while it need not contain the entire evidence adduced at the trial, it should contain such brief statement of the proofs as is necessary to show clearly the propriety or impropriety of the ruling of the court during the trial that is assigned as error, or such portion of the evidence

that may have been presented on any issue of fact that may have been decided at any time prior or subsequent to the trial of the cause upon which error is assigned. (Special rule 1 for the government of Circuit Courts in the preparation of bills of exceptions and transcripts of records in civil cases.)   The ordinary bill in this case contains no sufficeint statement of facts showing any impropriety of the rulings of the court on the matters sought to be presented by the bill as errors.  Not only is this the case, but no assignment of error whatever was presented to the judge upon the making up of either the ordinary or evidentiary bill of exceptions.  The rule referred to requires the plaintiff in error at the time of presenting a bill of exceptions to the judge to be made up and settled for the appellate court, whether such bill is to be made up from memoranda in writing of exceptions to rulings during the progress of the trial and signed in open court, or otherwise, to present with such bill an assignment of errors covering all the points that he intends to present in and by such bill of exceptions as grounds for reversal, and such assignment of errors shall be the guide for making up the bill of exceptions, and shall be made a part thereof.  And in reference to the evidentiary bill the rule provides that if any assignment of error presented to the judge is based upon the refusal of the court to grant a new trial, on the ground that the verdict is contrary to the evidence, or not supported thereby, or if the defendant in error shall demand in writing that all the testimony shall be reviewed for the purpose of showing that an error of law, either as to the admission or rejection of testimony, or as to a charge given or refused, is, in view of the whole testimony, a harmless error, then an entirely separate and distinct bill of ex-

ceptions of the evidence adduced at the trial of the cause shall be made up and signed by the judge, to be known as the "evidentiary bill of exceptions." The requirements of the rule in reference to the assignments of error in making up both bills of exceptions in this case were entirely disregarded, and for the defects stated we are unable to review the rulings of the court on the assignments of error made for the appellate court and argued by counsel. In reference to the ninth assignment set out there is no statement of facts showing that the court held, as assigned, the ballots counted and reported by the commissioner were sufficient to overcome the presumption of the correctness of the returns of the inspectors of the contested districts. What the report of the commissioner was is not therein stated, but it does appear from the evidentiary bill that the judge had before him at the hearing ballots, returns and a mass of testimony relating to the election in the contested districts, as well as returns from the uncontested ones. It does not appear, however, from the final decision rendered that there was any change of results in the uncontested districts.

While the state of the record in reference to the assignments of error in making up the bills of exceptions is as stated above, we find a recital in the caption of the evidentiary bill signed by the judge that it was made up at the instance of the plaintiff in error in support of an assignment of error predicated upon the refusal of the court to grant a new trial on the ground that the findings and judgment of the court were contrary to the evidence.

The eleventh assignment of error is that the court erred in overruling the motion of contestee to set aside

and vacate the alleged finding of the court, and the final judgment of ouster consequent thereon, but this assignment of error is not noticed in brief of counsel for plaintiff in error, and must, therefore, under the settled rule of this court, be considered as abandoned.

In view of this fact we do not now determine whether the recital of the judge in the evidentiary bill stated, in the absence of any record evidence of a sufficient assignment of error, presented at the time of settling the bill, will authorize this court to review the ruling of the judge denying a motion for a new trial on the ground that the evidence is not sufficient to sustain a finding.

For the reasons stated we are of opinion that the judgment must be affirmed and it is so ordered.

On petition for rehearing.

MABRY, J.

In petition for a rehearing filed in this cause it is particularly insisted that there was error in our conclusion on the first assignment of error predicated upon the ruling of the Circuit Court denying the motion of plaintiff in error to strike the amended petition of defendant in error. It is alleged in substance that in our opinion we overlooked and did not consider the fact that the Circuit Court sustained a demurrer to the original petition, therbey holding the grounds of contest therein alleged to be insufficient, and that the amended petition alleged the same matters charged in the original held to be insufficient, except in the fourth paragraph which set up an entirely new and distinct ground of contest after the expiration of the time provided by the statute for filing a

petition of contest setting forth the particular grounds on which a contestant intends to rely to establish his right to an office. The petition for rehearing states "that all of said grounds in said amended petition contained with the exception of paragraph four thereof, were identically as those set up and alleged in the original petition hereinbefore referred to, and to which the court below had formerly sustained a demurrer, and that under the rules of pleading and practice a motion to strike said amended petition was proper, in that the same contained the same matters set forth in the original petition, and the demurrer having been sustained thereto and setting forth and alleging in paragraph four thereof the new matter referred to constituting the only ground of contest shown, and said new matter and ground of contest having been filed after the statutory time had elapsed."

The court did not overlook the fact that a demurrer had been sustained to the original petition, and the opinion states that "comparing the original and amended petitions we do not find any new ground of contest in paragraph three, but the fourth paragraph of the amended petition contains new matter as an additional ground of contest in election district number two, specified in paragraph one." Counsel have fallen into error in assuming that all the grounds in the amended petition, with the exception of paragraph four, are identically the same in allegation as those contained in the original petition. The court sustained a demurrer to the original petition because the grounds of contest relied on were too indefinitely stated, but the amended petition is much more definite in this respect. The court denied a motion to strike the amended petition because the grounds of

contest therein alleged, except in paragraph four, were
identically the same as those set up in the original peti-
tion, and that the ground of contest alleged in paragraph
four was sought to be incorporated by amendment after
the time provided in the statute for filing a petition of
contest. No argument was made here that the grounds
of contest in the amended petition were alleged identi-
cally, or in substance, as in the original petition, but the
only contention was that the entire amended petition
should be stricken because a new ground of contest was
brought forward by way of amendment after the period
when a petition of contest can be filed under the statute.
The court did not assume that the grounds of contest
stated in both petitions, except in paragraph four of the
amended one, were in substance the same in allegation
because to have done so would have been contrary to the
facts, and it was unnecessary and improper under the
rule to discuss this phase of the motion because it had
been abandoned in the argument. The court fully con-
sidered the only contention made under the motion, to
the effect that the petition should be stricken because a
new ground of contest had been incorporated therein
twenty-five days after the canvass by the county canvass-
ing board of the election returns, and reached the con-
clusion that the objection urged should have been con-
fined in a proper way to the ground deemed to have been
improperly incorporated into the petition, and that if
the court had refused to eliminate it, the question would
have been presented whether an entire new ground of
contest can under our statute be interjected into the
proceedings by amendment after the expiration of the
time mentioned. It is quite evident that a petition con-
23 S C

taining several sufficient grounds of a contest should not be stricken from the files because it contains one insufficient ground, or one not authorized by the statute. Counsel having abandoned by not arguing the grounds of the motion that the grounds of contest, except in paragraph four, were identically alleged in both petitions, and it appearing to the court that the grounds alleged in the amended petition are sufficiently definite to authorize an investtigation as to the result of the election, it was not necessary to say anything about any ground of the motion not argued.

In this case the court has examined carefully every point that has been presented in such a way as we could, consistently with our rules, consider.

The petition for rehearing is denied.