WEBB DARBY, *et al., Plaintiffs in Error,* v. STATE *ex rel.* A. W. MCCOLLOUGH, *Defendant in Error.*

Opinion Filed April 27, 1917.

Where a ballot is so marked as to plainly indicate the voter's choice and intent in placing his marks thereon, it should be counted as marked unless some positive provision of law would be thereby violated.

Writ of Error to Circuit Court for Walton County; A. G. Campbell, Judge.

Judgment affirmed.

*John L. Moore,* for Plaintiffs in Error;

*D. Stuart Gilles,* for Defendant in Error.

PER CURIAM.—On July 18, 1916, an election was held in Special Tax School District No. 4, Walton County, Florida, under Chapter 6542, Acts of 1913, to determine whether bonds should be issued for the purpose of erecting and equipping a school house at Glendale, in said district. The inspectors and managers of the election made return that fifty-five votes were cast, twenty-seven votes being for bonds and twenty-six votes being against bonds, and two ballots not counted for the reason that they were marked by a cross mark after and not before the words "Against Bonds." In mandamus proceedings the election officers were required to reconvene and count the two votes excluded. This made the result 27 votes for, and 28 votes against bonds. The respondents took writ of error, and contend here that the writ erroneously controlled the discretion of the election officers who held the

two rejected ballots to be illegal, and refused to count them.

If the question here were one of the exercise of discretion in determining a matter of fact, the application of mandamus would be erroneous. State *ex rel.* Lilienthal v. Deane, 23 Fla. 12, 1 South. Rep. 698. But whether a ballot is illegal or should not be counted because the mark placed thereon by the elector in evidencing his intent in voting, was put *after* instead of *before* the words "Against Bonds," is a question of law; and as there are no complications or conflicts involved, such question may be determined in mandamus proceedings.

The statute authorizing the election merely provides that "the form of the ballots for such election shall be 'For Bonds' or 'Against Bonds.'" While the general election law of the State directs that the X mark of the voter be made *"before"* the object of the elector's choice, there has been no authoritative holding here that the provision requiring the X mark to be placed *before* the words voted on is mandatory, and that if the X mark is placed *after* the words voted on, the ballot should be discarded. And the general election law is not expressly made applicable to elections under Chapter 6542.

As there was only one choice to be made in casting a vote "for bonds" or "against bonds," it is quite evident that the two electors were not confused in expressing their choice; and in the absence of mandatory requirements to the contrary, the choice as expressed should be made effective. Placing the X marks *after* the words "Against Bonds" indicates the voter's choice and will as definitely as if the X marks had been placed *before* the words "Against Bonds;" and the law does not require the ballots thus marked to be excluded and discarded. Where a ballot is so marked as to plainly indicate the voter's

choice and intent in placing his marks thereon, it should be counted as marked unless some positive provision of law would be thereby violated. The simple question of law presented was properly determined in mandamus proceedings, and the judgment being proper is affirmed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD, WHITFIELD and ELLIS, JJ. concur.