VINCENT NUCCIO, JR., *Plaintiff in Error,* v. W. T. WILLIAMS et al., *Defendants in Error.*

En Banc.

Opinion filed February 13, 1929.

Petition for rehearing denied March 20, 1929.

160

*Dickenson & Lake, Ralph A. Marsicano* and *Herbert S. Philips,* all of Tampa, for Plaintiff in Error.

*Shackelford, Ivy, Farrior & Shannon, Sandler & Duff, L. D. McGregor,* and *John W. Gaines,* all of Tampa, for Defendants in Error.

PER CURIAM.—This writ of error was taken to a final order sustaining a demurrer and a motion to quash an alternative writ of mandamus and dismissing the cause upon refusal of the relator to amend.

The alternative writ issued November 24, 1928, in substance alleges that at a general election held in Hillsborough County, Florida, on November 6, 1928, the relator was a candidate for the office of County Commissioner from District No. 1 of Hillsborough County, and that relator's name was printed on the election ballots as such candidate; that D. M. Duncan and J. A. Tuell were both candidates for said office and had their names printed on the election ballots; that according to law the County Commissioners had printed on said ballots one blank line under the names of the three candidates for County Commissioners District No. 1 of Hillsborough County, and that when the election returns were sent in by the various boards of inspectors and clerks of the said precincts to the County Canvassing Board it was found that certain voters of Hillsborough County, Florida, had written in the said blank line on said ballot and in other places upon said ballot the name of "Lester," "Mr. Lester," "J. W. Lester," "J. W. Lester, Sr.", and the name "Lester" with various and sundry different initials; that in many instances the last mentioned names were

written on the blank line left under and following various offices and in many instances no cross mark was made before either of said last mentioned names or after the last mentioned names, and in many instances the ballot showed a check (V) mark either before or after the name; that it was found that the various boards of inspectors and clerks of the precincts of Hillsborough County had counted all such votes whether legally written or legally marked or not for J. W. Lester as candidate for County Commissioner from County Commissioner's District No. 1 of Hillsborough County, Florida, and had so returned the same; that according to the election returns from said several precincts of the said county as returned by the several boards of inspectors and clerks of the said precincts as aforesaid and tabulated by the County Canvassing Board of Elections, neither of said candidates for said office, nor the said J. W. Lester, received a majority of votes according to said returns as tabulated as aforesaid however, the relator, Vincent Nuccio, Jr., and one J. W. Lester were the two high men; that the said one J. W. Lester, according to said returns and tabulation, was given 7,990 votes and your relator was given 6,508 votes, D. M. Duncan was given 2,025 votes and J. A. Tuell 1,174 votes, thus illegally giving a plurality of 1,482 votes in favor of one J. W. Lester, and according to said returns, against the relator, and that on account of irregularities and inaccuracies in the votes and counting of illegal votes for the said J. W. Lester, in the counting of votes in said election, as well hereinafter appear the said J. W. Lester did not, in fact, receive a plurality of votes over your relator as appeared by said returns but that your relator did, in fact, receive a plurality of said votes cast in said election for the said office when the votes illegally counted and returned for J. W. Lester are thrown out and disregarded.

That inspectors and clerks appointed to hold said election failed and neglected to perform their duty as inspectors and clerks in that:

a. In said election for said office they counted votes for J. W. Lester where the ballot contained only the name Lester without any initial.

b. In that they counted votes for J. W. Lester where the ballot contained the wrong initial.

c. In that they counted many votes for J. W. Lester where the ballot showed no cross mark at the left of the name of any person by the name of Lester thereon.

d. In that in counting the votes cast for the said office they counted votes for J. W. Lester where the ballot showed no such name as J. W. Lester written or printed thereon.

e. In that in counting the votes they counted certain votes for J. W. Lester where the name of Lester or of some Lester was printed or written under the designation of some other office other than candidate for County Commissioner of District No. 1 of Hillsborough County, Florida.

f. In that in counting the votes cast in said election they counted for J. W. Lester a number of votes where the ballots showed that the name of some person by the name of Lester was written in improper places on said ballot.

g. In that in counting the votes for J. W. Lester they counted many votes for him where the ballot showed that the name of Lester was written on a large number of ballots in the same handwriting and were not written thereon by the respective voters casting their ballots in said election as required by law; that if a correct call, tally, and return is made of votes cast in said several precincts hereinbefore mentioned for J. W. Lester, and those votes illegally counted in each of the said precincts hereinbefore mentioned are thrown out that the correct return will show that

the relator, Vincent Nuccio, Jr., was duly and legally elected County Commissioner of County Commissioner's District No. 1 of Hillsborough County, Florida, in the said election held as aforesaid instead of J. W. Lester, as shown by the incorrect and illegal count, tally and return of votes made as hereinbefore stated; that there are sufficient votes so illegally counted and returned to change the result of said election; that there were many inaccuracies and irregularities in returns filed with the supervisor of registration for said county and the county judge by the various boards of inspectors and clerks in the precincts hereinbefore enumerated according to information received by relator and which relator believes to be true and from such information he charges the same to be true, and the relator specifically charges as truth within his own knowledge that on the return made from Election Precinct No. 50 at Plant City as filed with the county judge said return showed for J. W. Lester 157 votes and on the copy of the return filed with the supervisor of registration there were no votes shown for J. W. Lester; that in Election Precinct No. 67, Seminole Heights, there were two tables and two returns made, one for each table; that on the return made to B. L. Blackburn, supervisor of registration, there were shown for Vincent Nuccio, Jr., 86 votes and 153 votes, but on the return filed with the county judge the return showed for Vincent Nuccio, Jr., 86 votes, and 53 votes, thus giving in these two precincts an advantage of 57 votes as tabulated and returned by the canvassing board in favor of J. W. Lester, whereas in truth and in fact it has not been determined in either of the two precincts what the correct return should be for the said J. W. Lester and the relator, Vincent Nuccio, Jr., and the relator charges that there were other similar inaccuracies and irreconcilable differences in other returns from other precincts herein mentioned; that there were

many persons by the name of Lester registered and qualified to vote in the said election, to-wit:

In Election Precinct No. 28, within County Commissioner's District No. 1, there were registered and qualified to vote R. E. Lester and Mrs. Daisy E. Lester.

In Election Precinct No. 62, within County Commissioner's District No. 1, there was registered and qualified to vote in said election J. W. Lester, Jr., Mrs. J. W. Lester, Jr., J. W. Lester, Sr., and Mrs. J. W. Lester, Sr.

In Election Precinct No. 8 of Hillsborough County, Florida, there was registered and qualified to vote G. E. Lester and Mrs. Lester.

In Election Precinct No. 7 of Hillsborough County, Florida, there was registered and qualified to vote in said election H. G. Lester, F. Lester, E. H. Lester and Mrs. H. G. Lester.

In Precinct No. 13 of Hillsborough County, Florida, there was registered and qualified to vote in said election Miss Helen Lester.

In Election Precinct No. 17 of Hillsborough County, Florida, there was registered and qualified to vote in said election L. J. Lester and Mrs. L. J. Lester.

In Election Precinct No. 39 of Hillsborough County, Florida, there was qualified and registered to vote in said election J. A. Lester and A. M. Lester.

And relator charges that he has information which he belives to be true and from that information charges that in each of the said election precincts hereinbefore enumerated in the said election held as aforesaid on November 6, 1928, the several boards of inspectors and clerks of said precincts hereinbefore enumerated counted for J. W. Lester all votes wherever located on the ballot and by whatever initial entered on said ballot and whether the same were

designated by a cross mark. or not and whether the same were cast for J. W. Lester, Sr., or J. W. Lester, Jr., or not or any other person by the name of Lester, and in many instances where the name was not Lester, and tabulated and returned all of such votes for J. W. Lester in the tabulation of returns hereinbefore mentioned, which tabulation the County Canvassing Board by reason of having included on such tabulation all such illegal votes found upon the tabulation of the returns so made that J. W. Lester was elected on the face of the returns; whereas in truth and in fact if all such illegal votes are ascertained and eliminated the relator charges that the same will be sufficient in number to change the apparent result of such election and will show that Vincent Nuccio, Jr., is the legal and lawful County Commissioner from District No. 1 of Hillsborough County, Florida, elected in said election as aforesaid. Other allegations need not be here stated. The command of the alternative writ is that the appropriate respondents shall proceed to properly, correctly and accurately tally and count, and proper, correct and accurate return make of all the votes cast in the election for the several candidates, and also those whose names were written on the ballots as candidates for the office of County Commissioner from District No. 1, Hillsborough County, so as to show a total number of votes cast for Vincent Nuccio, Jr.

''a. Total number of votes cast for D. M. Duncan, and total number of votes cast for J. A. Tuell in each of the said several election precincts.

''b. The total number of votes where the ballots had written in the name of 'Lester' and designated by a cross in the appropriate margin.

''c. The total number of votes cast for 'J. W. Lester, Sr.,' where the voter's choice was indicated by a cross in the appropriate margin.

"d. The total number of votes cast for 'J. W. Lester, Jr.', where the voter's choice was indicated by a cross in the appropriate margin.

"e. The total number of votes cast for 'W. J. Lester,' where voter's choice was indicated by a cross in the appropriate margin.

"f. The total number of votes cast for each and every other person by the name of Lester by the respective initials separately where the voter's choice was indicated by a cross in the appropriate margin.

"You and each one of you, are further ORDERED and COMMANDED jointly and severally that in recounting, retallying and recanvassing the returns as aforesaid you will omit from such recount, retally and recanvass all ballots where the voter's choice was not indicated by a cross as required by law in the appropriate margin.

"b. You will also eliminate all ballots from such recount retally and recanvass where the voter's choice was indicated by a straight mark or a check mark or any mark other than two intersecting lines in the appropriate margin."

Where an election is held pursuant to law, and it is duly made to appear that the elcetion ballots were not correctly and accurately counted, tallied, tabulated, canvassed or returned, mandamus is an appropriate remedy; and upon a proper showing the relator is entitled to an effective writ. State ex rel. Knott v. Haskell, 72 Fla. 176, 72 So. R. 651.

It is the duty of the inspectors and clerks in election districts to correctly and accurately count, tabulate and make due return of all the votes and ballots cast at an election; and in performing such duty the inspectors may in some cases of ambiguity or apparent uncertainty determine *from the face of a ballot as cast,* the person for whom a vote was intended by the voter (see State ex rel. v. Deane, 23 Fla.

121, 1 So. R. 698, 11 Am. R. 343) ; but where there is no uncertainty or ambiguity in the name voted for or in the method used on the ballot to indicate the name voted for, the inspectors should count and return the vote and ballot as cast whatever may be the name or the mark used, the legality of the vote being for judicial determination if duly presented in appropriate proceedings. See State ex rel. v. Anderson, 26 Fla. 240, 8 So. R. 1. Where the statutes require a vote to be cast in a certain way, as by placing an X mark to the left of or *before* the name of the person intended to be voted for, the statute should be substantially complied with or the vote should not be counted among the votes that are properly cast. What is a substantial compliance with the requirement of the statute is ultimately a judicial question. Where a ballot contains an X mark after a name on the ballot when the statute requires the X mark to be placed before the name, or when there is a mark that has no semblance of an X mark before a name on a ballot such irregular votes should be separately counted, tabulated and returned, and the ballots should be duly preserved subject to judicial procedure in which the courts may determine whether the vote so irregularly cast should be counted with those that were properly and regularly cast. See Darby v. State, 73 Fla. 922, 75 So. R. 411. Where the statute requires an X mark to be placed before a name that is written on the ballot by a voter, the writing of the name on the ballot without also placing an X mark before the name so written on the ballot, does not constitute a vote for the person whose name is so written on the ballot. The X mark properly placed is the essential act of voting.

*Prima facie* at least, J. W. Lester, Sr., and J. W. Lester, Jr., are different person and J. W. Lester may be either J. W. Lester, Sr., or J. W. Lester, Jr. Votes cast for W. J. Lester or for L. T. Lester or for Lester without initials or

with other initials cannot be counted by election inspectors for J. W. Lester, Jr., or for J. W. Lester, Sr., or for J. W Lester.

Where votes are cast for J. W. Lester, Sr., for J. W. Lester, Jr., and for J. W. Lester, the inspectors should count, tabulate and return the votes and ballots as cast for each of such names separately, and likewise as to votes cast for any Lester with different initials or with no initials. The legal effect of such votes is for judicial determination.

The commands of the alternative writ a. to f. inclusive accord with applicable principles of law. The alternative writ also commands the election officers to ''omit from such recount, retally and recanvass all ballots where the voter's choice was not indicated by a cross as required by law in the appropriate margin'' and to ''also eliminate all ballots from such recount, retally and recanvass where the voter's choice was indicated by a straight mark or a check mark or any mark other than two intersecting lines in the appropriate margin.'' These latter commands require the election officers to omit from the recount the names of candidates on the ballots not voted for as indicated by a cross as required by law and also to omit votes from the recount where the voter's choice was indicated by a straight mark or a check mark or any mark other than two intersecting lines in the appropriate margin; but such commands do not relieve the election officers of their duty to make due return of all ballots and of all apparent expressions of choice as to candidates that appear on the ballots.

Where there is no semblance of an attempt on the part of a voter in a general election of officers to express a choice by making a mark before or at the left of a name appearing on a ballot, there would be no occasion for counting or for making a special return that there was on the ballot no mark expressing the voter's choice. And where

the mark made by the voter in the proper place on a ballot is not a perfect cross mark, but may fairly be considered as having been intended as a cross (X) mark as required by the statute, the election officers may in proper cases determine whether the mark properly placed by the voter was intended to be a cross (X) mark. But where an attempt has been made by a voter to indicate a choice by making a mark before a candidate's name that is wholly different from that required by the statute, or where a mark is put on a ballot by a voter that apparently has reference to the name of a candidate, but the mark is quite unlike the cross mark by the statute, or the mark is put at a place on the ballot not contemplated by the statute, the election officers have no discretion to count such a vote for any candidate or person, but should make a special return of such votes and ballots, indicating clearly the irregularities in each and all of the votes or ballots. When so returned the votes and ballots are subject to appropriate judicial procedure to determine the legal effect of such irregular votes or ballots.

The final order dismissing the alternative writ of mandamus is reversed and the cause is remanded for appropriate proceedings.

TERRELL, C. J., AND WHITFIELD, ELLIS, BROWN AND BUFORD, J. J., concur.

STRUM, J., absent on account of illness.