*Ex Parte*: GLADSTONE R. BEATTIE.

Division A.

Opinion filed October 25, 1929.

*Sutton, Tillman & Reeves,* for Relator;

*H. R. Williams, Dickenson & Lake* and *McMullen, Worth & Draper,* for Respondent.

TERRELL, C. J.—At the general election held in Pinellas county, Florida, in November, 1928, Gladstone R. Beattie and Roy Booth were the only candidates voted for for sheriff of said county. From a canvass of the returns it appeared that Gladstone R. Beattie received a majority of

three hundred and twenty-three votes for said office. Soon after the canvass of the votes the State on relation of Roy Booth filed in the Circuit Court of Pinellas County a petition for mandamus seeking a recount of the votes cast for sheriff in certain precincts of said county. The alternative writ was granted, return and pleas were duly filed to said writ, to which demurrers and motions are now pending.

At this state of the cause pursuant to Section 3585, Revised General Statutes of Florida (Section 5450, Compiled General Laws of Florida, 1927), Gladstone R. Beattie filed in this court his petition for writ of prohibition directed to O. L. Dayton, Judge of the Circuit Court of Pinellas County, and Roy Booth as relator, seeking to prohibit the said O. L. Dayton from entertaining jurisdiction of the proceedings in mandamus or making any further orders therein and to prohibit the said O. L. Dayton or Roy Booth from taking any further steps to prosecute the same. On June 20, 1929, a rule to show cause why writ of prohibition should not issue herein was granted returnable July 2nd, following at which time O. L. Dayton, as Judge of the Circuit Court of Pinellas County, and Roy Booth as respondent, filed their returns severally to said rule.

It is contended here that writ of prohibition should be granted to prevent further proceedings by mandamus because the record in the mandamus proceeding shows on its face that it is purely an election contest brought to secure possession of the office of sheriff of Pinellas county, Florida; that Sections 379, 380, 381, 382 and 383 of the Revised General Statutes of Florida (Sections 444, 445, 446, 447, and 448, Compiled General Laws of Florida, 1927), provide a statutory method for contesting election to county offices in this State; that such statutory method is exclusive and that Section 448 above referred to reserving only the remedies existing by *quo warranto* excludes any remedy by

mandamus. In other words, the precise question presented for our determination is whether or not the statutes as above enumerated afford the sole remedy for contesting an election to the office of sheriff of any county in this State to the extent that it excludes the use of the common law remedy of mandamus for those purposes which fall within the peculiar scope of that remedy.

Section 379, 380, 381, 382 and 383 heretofore referred to in effect provide that any person claiming to be elected to the office of county judge, clerk of the circuit court, sheriff, county assessor of taxes, tax collector, county superintendent of public instruction, justice of the peace, or constable may contest the same in the circuit court of the county where such election took place by filing his petition in the office of the clerk of the circuit court within twenty-five days after the canvass of the returns of such election by the county canvassing board. The contestant "shall set forth in his petition the particular grounds on which he intends to rely to establish his right to such office" and shall serve a copy thereof on the contestee by delivering the same to him or to some member of his family over fourteen years of age living in the house with him. It is further provided that the contestee may file his answer to the petition within twenty-five days and that the judge may proceed in a summary way to hear and determine the matter without a jury and to give judgment therein either in or out of term. Provision is also made for taking testimony and in the event of the success of the contestant, for judgment of ouster and his commission. Writ of error lies to this court as in other cases at common law.

Section 383 provides that nothing in the foregoing sections shall be construed to abrogate or abridge in any way any remedy that may now exist by *quo warranto*, but in

such case the proceeding by petition hereinbefore provided shall be taken to be an alternative or cumulative remedy.

Petitioner Beattie contends that the statutory method herein outlined for contesting the election of sheriff and other county officers in this State is exclusive, that the mandamus proceeding which is here sought to be prohibited is in essence nothing more than a contest for the office of sheriff of Pinellas county and should not therefore be permitted to proceed further.

Petitioner grounds his contention on authority of State ex rel. H. W. Metcalf Co. v. Martin, 55 Fla. 538, 46 So. R. 424 and the general rule announced in 9 R. C. L., paragraph 147. The general rule announced in 9 R. C. L. is to the effect that when the statute provides a method for contesting the result of an election the majority of the cases seem to hold that such method is exclusive. The rule admits, however, that the authorities are not all one way and that there is considerable difference of opinion as to whether the statutory method would exclude the common law remedies by mandamus and *quo warranto*. In fine we think that as stated and construed there are as many exceptions to the rule as there are cases covered by its terms and that the effect given to it must depend on the facts of the particular case.

The Metcalf case was a proceeding in mandamus brought to inquire into the regularity of a local option election held in Orange county. This court held in that case that mandamus could not be employed to give a court jurisdiction of litigation on collateral matters in an irregular way and that if another and adequate remedy had been provided by statute mandamus could not be invoked. It was further held that Section 1216 of the General Statutes of 1906 provided a complete and effective remedy in equity for testing the validity of prohibition elections and that such remedy

was exclusive and was the only means through which such elections could be inquired into and judicially determined in this State.

We think the doctrine announced in the Metcalf case was correct. In the very nature of the subject matter regulated the same proceedings employed to contest the result of an election to office could not be satisfactorily used to inquire into the regularity of a local option or prohibition election the latter being a very simple affair while the former is much more complicated. Chapter 1216 of the General Statutes of 1906 was originally Section 1 of Chapter 5247 of the Acts of 1903, the title to which was as follows:

> "An Act to Provide for Testing the Legality of Elections held to Determine Whether Intoxicating Liquors, Wines, or Beer shall be Sold, and to Prohibit Collateral Contests Thereof in Prosecutions for Crime."

Chapter 5247 of the Acts of 1903 was the only law on the subject of contesting prohibition elections. It was provided for that purpose and this fact coupled with the contents of the said Act and the title thereof as above quoted is conclusive as to the question of whether or not it is exclusive and affords the sole means of enquiring into the regularity of such elections.

In treating Sections 379 to 383 inclusive of the Revised General Statutes for contesting elections to certain county offices we are confronted with a different situation. These sections were originally Article 10 of Chapter 38 of the Acts of 1845, the title to which was, "An Act relative to elections in this State." Article 10 was a mere incident to the main purpose of Chapter 38, it is restricted to "any person claiming to be elected" while the State may be vitally interested in the outcome of the contest. State ex rel. Johnson, 30 Fla. 433, 11 So. R. 845. It did not by implication or in express terms attempt to repeal or modify the common law remedies

by mandamus and *quo warranto* and since the purpose of these writs is restricted and well understood and this court is empowered to issue them under Section 5 of Article 5 of the Constitution we do not think it competent for the Legislature to change or modify the scope of either of these remedies. From these observations it necessarily follows that the remedy provided in Article 10 of Chapter 38 of the Acts of 1845 (now Sections 379 to 383 inclusive of the Revised General Statutes of Florida, 1920) for contesting the election to certain county offices is not exclusive of the right to resort to the common law remedies of *quo warranto* and mandamus for the accomplishment of such relief as can be appropriately granted within the proper scope of such remedies respectively, but is an alternative or cumulative remedy.

The law is well settled that the common law writ of mandamus cannot be employed to contest the result of an election or to try the title to office but it may be employed to require the peformance of a ministerial duty on the part of the canvassing board or returning officers such as to correctly and accurately count and make due return of the votes cast at an election. Drew v. McLin, 16 Fla. 17; State ex rel. Knott v. Haskell et al., 72 Fla. 176, 72 So. R. 651; State ex rel. Nuccio v. Williams, 97 Fla. 159, 120 So. R. 310, 18 R. C. L., page 272. Petitioner in the mandamus proceeding had a clear legal right to a correct and accurate count of the votes cast for and against him at the election brought in question, and mandamus was a remedy available to him to enforce this right.

The writ of prohibition is denied.

ELLIS AND BROWN, J. J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.