JOHN WHITEHURST, County Judge, MRS. LILY SEWELL, Supervisor of Registration, and A. B. ENDSLEY, as and constituting the County Canvassing Board of Elections, et al., *Plaintiffs in Error*, vs. THE STATE OF FLORIDA, ex rel. H. J. DRANE, *Defendant in Error*.

144 So. 61.

Division A.

Opinion filed September 27, 1932.

*Hugh Hale, S. Whitehurst & Sons, B. G. Langston, A. R. Carver* and *Frank Hursey,* for Plaintiffs in Error;

*Dickenson & Lake,* and *Ed. R. Bentley,* for Defendant in Error.

PER CURIAM.—In this case alternative writ of mandamus issued from the Circuit Court of Hernando County to the Respondents.

Demurrer was filed and overruled. Return was filed. Joinder of issue was had on return. Testimony was taken before the Court. Peremptory writ of mandamus was issued. The purpose of the mandamus suit was to require certain of the Respondents, that is the respective Board of Inspectors and Clerk of certain precincts, to reorganize and in the presence of the Court at a time and place named, proceed to count the votes cast in certain precincts named at the primary election held on June 28th, 1932, for H. J. Drane and J. Hardin Peterson for the office of nominee of the Democratic Party as its candidate for Congress from the First Congressional District and to tabulate, canvass and report the votes cast in the certain precincts involved and the said Respondents were directed to make separate tabulations of all votes cast for each of said two candidates for said office and were further directed

"and in making such tabulations you will count as regular votes cast only those ballots cast for the respective candidates where the voter has indicated his choice by making a cross mark in the square provided on the ballot at the right of the name of the candidate; all other votes attempted to be cast in whatever manner will be listed separately, that is to say; all votes where the voter has attempted to indicate his choice by placing cross mark to the left of the name of the candidate of his choice shall be tallied, tabulated and returned separately and all other votes where the voter has attempted to indicate the candidate of his choice by business check mark shall be

listed separately from all other votes. Any votes not counted shall be listed together with your reasons for refusing to count the same and all the regular ballots shall be placed in a separate bundle in the ballot boxes."

The writ then commands the Respondents constituting the County Canvassing Board to deliver the respective ballot boxes to the respective Board and the respective clerk of the precinct elections for the performance of the duty enjoined upon such Board of Inspectors and Clerk by the writ and to thereafter reassemble and recanvass the corrected returns directed to be made to the Canvassing Board of the votes cast as aforesaid in the several precincts in such county at such election for the said H. J. Drane and J. Hardin Peterson, respectively, as candidates for the said office of Nominee for the Democratic Party as candidate for Congressman from the First Congressional District of the State of Florida, and

"therefrom, and from the votes heretofore canvassed by you in the remaining precincts in Hernando County, Florida, not herein and hereby ordered to be recounted to determine and to certify the corrected return of the total number of votes cast in said primary election in all precincts of Hernando County, Florida, for the said H. J. Drane and the said J. Hardin Peterson, respectively, for the said office and to tabulate the same and to make due certificate and return of the same immediately to the State Canvassing Board of Elections as required by law, or in default thereof, that you appear before this Court on the said 2nd day of September, 1932, at Brooksville, Hernando County, Florida, and show cause why you do not do so."

The basis for the writ was the failure of the Inspectors and Clerk of the respective precincts described to perform their duties in the manner required by statute. It appears to us that the showing was sufficient to warrant the issuance of the writ and that the judgment awarding peremptory writ should be affirmed on authority of the

cases of State vs. Haskell, 72 Fla. 176, 72 Sou. 651; State ex rel. Nuccio vs. Williams, 97 Fla. 159, 120 Sou. 310.

It is contended here that a consideration of the evidence in the court below required the Circuit Judge to quash the. alternative writ upon the ground that the ballot boxes had probably been tampered with after having been placed in the custody of the Supervisor of Registration and before the order of impounding occurred; or, at least, that there was enough suspicion cast upon the condition of the ballot boxes and the care, or lack of care, with which they had been handled during such period as to warrant no other course than a denial of the peremptory writ.

The evidence was taken before the Circuit Judge who resides in the County where the cause was pending and he had the opportunity of seeing and hearing the witnesses who testified and was in a better position to judge whether or not there was evidence which warranted the assumption that the ballot boxes were probably not kept in the condition in which they were delivered to the Supervisor of Registration. He resolved that question, if any was entertained by him, in favor of the continued purity of the ballot boxes and we are not warranted in attempting to substitute our judgment in that regard for his.

The judgment here under review should be affirmed on authority of the cases above cited and it is so ordered.

Affirmed.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL, J., concur in the opinion and judgment.

DAVIS, J., absent from oral argument, not participating.