D. J. Johnson v. W. Hiram Lawrence, as Sheriff of Palm Beach County.

178 So. 393.
Division A.
Opinion Filed January 22, 1938.

*E. M. Baynes,* for Petitioner.

*Cary D. Landis,* Attorney General, and *Tyrus A. Nor- wood,* Assistant Attorney General, for Respondent.

BUFORD, J.—This is an original proceeding in habeas corpus to test the sufficiency of an information which charges: "that D. J. Johnson of the County of Palm Beach and State of Florida, on the 15th day of June in the year of our Lord, one thousand nine hundred and thirty-seven in the County and State aforesaid, did, after the closing of the polls, in an election legally held on the 15th day of June, A. D. 1937, within Special School District Number Nine, in Palm Beach County, Florida, for the purpose of electing three school trustees for such District, unlawfully, fraudulently and deceitfully change a ballot of an elector duly cast in such election whereby such elector was prevented from voting for such person as such elector intended; that is to say, that the said J. D. Johnson, on said date, did then and there unlawfully, fraudulently and deceitfully mark on a ballot of an elector duly cast in such election an X or cross mark at the right of the name of a candidate whose name appeared on such ballot in addition to those three X's or cross marks placed thereon by such elector at the right of the name of the candidate of such elector's choice, whereby such elector was prevented from voting for such person as such elector intended, and such ballot became void by reason of having more than three persons voted for on such ballot, contrary to the form of

the Statute in such case made and provided, and against the peace and dignity of the State of Florida."

The information purports to charge the offense denounced by Section 5875 R. G. S., 8138 C. G. L.

It is contended that the information entirely fails to charge an offense because Section 565 R. G. S., 706 C. G. L., which is as follows: "All special tax school district elections shall be held and conducted in the manner prescribed by law for holding general elections, except as provided in this Article, and it is hereby made the duty of the supervisor of registration of any county, to furnish upon payment for such service to the county board of public instruction, on demand, a certified list of the qualified voters residing in a special tax school district, or the territory to be created into a special tax school district, that have paid a tax on personal or real property for the year next preceding any such special tax election.", makes applicable the provisions of Section 275 R. G. S., 331 C. G. L., which is as follows:

"Each elector upon entering the polling place, shall be given one ballot by the inspectors. Before delivering the ballot to the elector, at least one of the inspectors shall write in his own hand his initials or name on the stub attached to the ballot. On receiving the ballot, the elector shall forthwith and without leaving the polling place, retire alone to one of the booths or compartments provided for that purpose, and there shall prepare his ballot by marking with pen and ink or pencil, in the appropriate margin or place a cross mark before the name of the candidate of his choice for each office to be filled, or by filling in the name of the candidate of his choice in the blank space provided therefor, and marking the cross mark (X) in the appropriate margin, and likewise by marking the

cross (X) before the answer he desires in case of a constitutional amendment or other question submitted to a vote of the people."

And that under those statutes when taken in *pari materia* the ballot having been marked by the elector on the "right" side of the name of the candidate for whom he sought to express his choice was a void ballot and, therefore, assuming that the charge in the information is true, the elector by reason of the action of the defendant as charged was not prevented from voting for such person as such elector intended to vote for.

In other words, the contention appears to be that because the ballot had not been marked by the elector with a cross mark (X) before the name of the candidate for whom he intended to vote but had been marked by the elector by placing his cross mark (X) on the "right" of the name of the candidate for whom he intended to vote, that no change made by the defendant could further vitiate the ballot upon the theory that a thing which is already void cannot be made void by something which subsequently happens; in other words, that a rotten egg cannot be spoiled.

The contention is not applicable.

The information does not entirely fail to charge a criminal offense so that it will be held void on attack in habeas corpus proceedings.

It is true that the information shows that the ballot alleged to have been changed and marked by the defendant was an irregular ballot, but whether or not it should have been counted for the candidates for whom the elector had definitely indicated his choice by the use of a cross mark (X) was a question open to judicial determination and, under the law, it should have been the subject of a special

return in the condition in which it was found so that it could have been judicially determined whether or not it should be counted for the candidates indicated. See Nuccio v. Williams, 97 Fla. 159, 120 Sou. 310.

If, in fact, however, the defendant, or anyone else, changed and marked the ballot by placing another cross mark to the right of the name of another candidate for the same office, then the ballot became void because it became impossible for the inspectors, or anyone else, to determine, from an inspection of the ballot, for whom the elector intended to vote.

We are not prepared to hold that the marking of a general election ballot on the right side instead of before the name of the candidate necessarily vitiates the ballot. In some cases, it might do so, while in others it might not. If the marking of the ballot in this manner was in such an isolated case as to indicate that such marking might be used for identification, then the ballot would have to be discarded; but if the ballots were so generally marked in this manner in any precinct as to indicate that there was no intention to identify the ballot, but was a mistake common to many electors in that precinct, we think the ballot should be counted for the candidates indicated.

That is the reason why we have heretofore held that whether the ballot should be counted or not is a question for judicial determination and one which the election officers may not determine.

For the reasons stated, the writ will be quashed and the petitioner remanded.

So ordered.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.