## RAINEY v. TAYLOR.

Under the provisions of paragraph 1 of section 7 of article 3 of the constitution of this State, as embodied in Civil Code, § 6430, the judge of the superior court did not have jurisdiction to hold, in quo warranto proceedings, that a member of the General Assembly of Georgia, who had been elected to that position and who had been sworn in as a member, was ineligible or disqualified for membership in that body; and the demurrer raising the contention that the court was without jurisdiction should have been sustained.

No. 6224.    MAY 19, 1928.

Quo warranto.    Before Judge McLaughlin.    Marion superior court.    August 15, 1927.

*George P. Munro*, for plaintiff in error.    *James A. Fort*, contra.

BECK, P. J.    Jeff A. Taylor, of Marion County, Georgia, filed an information in the nature of a quo warranto against T. B. Rainey, alleging that Rainey was, at the time of his election to the General Assembly of Georgia, and is now the duly elected and acting superintendent of schools for the County of Marion; that at the time of the filing of said information Rainey was a representative in the General Assembly of Georgia, and he was in fact discharging the duties of the office, then and now.    Rainey, filed a general demurrer to the petition, and thereby raised the question as to whether the judge of the superior court had jurisdiction to inquire into the right of the respondent to hold office as a representative in the General Assembly of Georgia, contending that the right to pass upon this question belonged exclusively to the General Assembly.    The judge overruled the demurrer, and the respondent excepted.    The judge, in a written opinion included in the record, distinctly recognizes the constitutional provision embodied in section 6430 of the Civil Code, which declares that "Each house shall be the judge of the election, returns, and qualifications of its members," but in effect holds that the question raised in this case is not one as to the qualifications of the respondent as a member of the General Assembly, but is as to his "eligibility," and in effect holds that the court has the right to pass upon the "eligibility" of a member of the General Assembly, and, if the member in question be found to be "ineligible," to deprive him of his seat. In support of that conclusion the trial judge sets forth in his opinion the definitions of the word "qualification" and the word "eligibility."    These definitions are taken from Webster's Dic-

tionary, and are as follows: Qualification is defined: "Any natural endowment, or acquirement which fits a person for a place, office, or employment, or enables him to sustain any character with success; an enabling quality or circumstance; requisite capacity or possession." Eligibility is defined: "Proper to be chosen, qualified to be elected—legally qualified."

We are of the opinion that the word "qualifications," as used in the constitutional provision quoted, is not subject to the limitations which the definition taken from the dictionary referred to would seem to impose. The word "qualification" as thus used in the constitution, seems to include also certain of the elements of "eligibility," as will appear from paragraph 1 of section 6 of the constitution (Civil Code, § 6427), which relates to "qualifications of representatives," and which declares: "The representatives shall be citizens of the United States, who have attained the age of twenty-one years, and who shall have been citizens of this State for two years, and for one year residents of the counties from which elected." These provisions last quoted would seem to relate as much to eligibility, or even more to that question, than to the question of qualification, if we accept the definition quoted above from the lexicon referred to. And we are satisfied that the ground upon which the plaintiff seeks to oust the respondent as a member of the General Assembly is based upon the disqualification of the member in the light of the meaning which must be given to the two paragraphs of the constitution referred to above. We do not think this precise question has been before this court for determination in any other case, and it has been before but few of the courts of last resort in other States of the union. In Attorney-General v. Board of Canvassers, 155 Mich. 44 (118 N. W. 584), the Supreme Court of Michigan had under consideration and for determination a question similar to that before us. In that case the party whose right to a seat in the General Assembly of the State of Michigan was called in question was, at the time of the election and for upwards of three years prior to the time of the filing of the petition and at the time of the filing of same, prosecuting attorney of the County of Berrien, in that State, and it was claimed in the petition that he "was therefore, under section 6 of article 4 of the State constitution, ineligible to the office of State Senator," and in the petition was a prayer for the writ of mandamus, com-

manding the board "(a) to reconvene at the office of the clerk of the County of Berrien and recanvass the votes cast for State Senator in said district, and in the recanvass of said votes to treat all votes cast for the said Charles E. White as void; (b) that said board of district canvassers of the said seventh senatorial district of the State of Michigan be directed to issue a certificate of election in accordance with section 3689 of the Compiled Laws to such person as this honorable court may determine ·as being lawfully entitled thereto; (c) that such other and further order may be made in the premises as to this honorable court may seem meet." The court said: "We are of the opinion that the board of canvassers properly refused to consider the relator's petition, for the reason that the question thereby presented for their consideration was not within the jurisdiction of the board to determine. Bradley *v.* Board of Canvassers, 154 Mich. 274 (117 N. W. 649). We are also of the opinion that this court has no jurisdiction in the premises. Section 9 of article 4 of the State constitution has made the State Senate the sole judge of the 'qualifications, elections, and returns of its members.' This court can neither determine a basis for its decision nor review it when made. Wheeler *v.* Board of Canvassers, 94 Mich. 448, 53 N. W. 914; Vance *v.* Board of Canvassers, 95 Mich. 462, 54 N. W. 1084."

This ruling by the Supreme Court of Michigan is in effect that the disqualification of a member of the General Assembly on the ground that he was the holder of another office at the time he was elected thereto is a question for determination by the legislative body to which he was elected, under the constitution of the State of Michigan. And the provision of the constitution of that State upon this question is precisely the same as it is in ours. See also the cases cited there. In State *v.* Tomlinson, 20 Kansas, 692, it was said: "That our decision in this case may not be misunderstood, or misconstrued, we desire to say, that we do not decide that the house of representatives can consist of more than one hundred and twenty-five members, that being the maximum number allowed by the constitution; nor do we decide that the house, in the exercise of its power to judge of the election and qualification of its members, can legally admit to seats, as members, any number of persons in excess of one hundred and twenty-five; but our decision is, that, whether the house does or does not admit a greater number

of persons as members than one hundred and twenty-five, this court has no jurisdiction to inquire, by quo warranto or otherwise, as to the right of any person to a seat as a member with a view of ousting him from his seat." The court also said: "We are not cited to a single case in the Federal or State courts, where any member of Congress, or any member of a State legislature, from the foundation of the government to the present time, has been ousted by quo warranto. And the admission of this fact of itself, after the extensive investigation of this subject by the learned attorney-general, is almost conclusive that none can be found, and that the exercise of such power is not only unwarranted, but unknown. Judge Cooley says: 'These powers, it is obviously proper, should rest with the body immediately interested, as essential to enable it to enter upon and proceed with its legislative functions, without liability to interruptions or confusion.' Const. Lim. 133." See also cases cited in note to 12 C. J. 885, § 388; 1 Cooley's Const. Lim. 270 et seq.

It follows that the demurrer to the petition should have been sustained.          *Judgment reversed.   All the Justices concur.*