L. T. FARMER, *Plaintiff in Error,* v. W. Z. CARSON, *Defendant in Error.*

148 So. 557.

Opinion filed May 17, 1933.

*Treadwell & Treadwell* and *Bussey, Mann, Barton & Walker,* for Plaintiff in Error;

*F. T. Haskins* and *W. D. Bell,* for Defendant in Error.

WHITFIELD, J.—In an election contest in the circuit courts authorized by Sections 444 *(379) et seq.,* Comp. Gen. Laws, the petitioner alleges under oath.

"That he is a citizen and qualified elector of Highlands County; that a general election was held therein on the second Tuesday in November, being the 8th day of November, A. D. 1932, and that among other offices to be filled at said election by the qualified electors of said Highlands County in the State of Florida, was the office of Clerk of the Circuit Court in and for the said county. * * *

"That his name was the only name printed upon the ballot to be voted at said general election held on the said 8th day of November, A. D. 1932, in manner and form as the law describes for the said office of Clerk of the Circuit Court. * * *

"That when the election returns of the said general election were sent in by the various boards and inspectors and clerks of the several precincts of Highlands County to the canvassing board of said County, it was found and determined by said canvassing board from a canvass and tabulation of all such returns, that your petitioner had received a total of 1019 votes, and that one W. Z. Carson had re-

ceived a total of 1115 votes for said office of Clerk of the Circuit Court and that 3 votes were canvassed by said board as having been cast for candidates for said office other than your petitioner and the said W. Z. Carson, thereby giving to the said W. Z. Carson an alleged majority of 93 votes at said election of said office of Clerk of the Circuit Court * * *

"That by reason of and as a result of many irregularities and errors permitted and committed by the several boards of clerks and inspectors in the holding of said election and by reason of many irregularities and inaccuracies permitted and committed by said several boards of clerks and inspectors in counting the votes cast in said election for candidates for the said office of Clerk of the Circuit Court in and for the County of Highlands and State of Florida, and the returns thereof so made as aforesaid to the County Canvassing Board of said County, all of which will hereafter appear, the said purported majority or plurality reported by the County Canvassing Board is in truth and fact erroneous, and your Petitioner avers that the said W. Z. Carson did not receive the aforesaid majority or plurality and in fact did not receive any majority or plurality of votes, but, on the contrary, in truth and in fact, your Petitioner actually received a majority of all of the votes cast in the said general election held on the 8th day of November, A. D. 1932, for the said office of the Clerk of the Circuit Court in and for the County and State aforesaid, as will appear upon a correct recount and canvass of all of the said votes cast at the said general election for the said office."

"That in election Precinct No. 1, of the said County, the Board of Inspectors and Clerks appointed to hold said election, failed and neglected to perform their duty as inspectors and clerks in this:

"(a)   The said Clerks and Inspectors failed to perform their duty in that many ballots having the name of a person

other than the name of W. Z. Carson written thereon were counted by the said clerks and inspectors as and for votes for the said W. Z. Carson.

"(b)   That the said clerks and inspectors further failed to perform their duty in that they erroneously and irregularly counted, as ballots cast in favor of the said W. Z. Carson, many ballots on which his name was written, but on which there was no "x" mark opposite his name, either to the right or the left thereof.

"(c)   That the said clerks and inspectors further failed to perform their duty in that the said clerks and inspectors counted as ballots cast in favor of the said W. Z. Carson, many ballots upon which the name of the said W. Z. Carson was written, but on which ballot the "x" mark was so placed as to leave it uncertain whether the said "x" mark was opposite the name of your Petitioner or opposite the name of said W. Z. Carson.

"(d)   That the said clerks and inspectors further failed to perform their duty in that many ballots were counted as cast in favor of the said W. Z. Carson on which ballots a name, or names were so illegibly written as to be impossible of identification, and that by virtue thereof the total vote for the said W. Z. Carson was in the said election Precinct No. 1, materially less than the total returned by the Canvass Board of the said County.   That a correct call, tally, check and return of all the votes regularly cast in said Precinct will show a substantial loss of votes in favor of the said W. Z. Carson, and substantial gain of votes in favor of your Petitioner, and that your Petitioner, for the same reason aforesaid, is entitled to have the votes cast in said Precinct No. 1 correctly counted, checked and returned so as to ascertain the correct number of votes cast for him and the said W. Z. Carson."

Similar allegations were made as to other election precincts or districts in Highlands County, Florida.

"Wherefore, the premises considered, your Petitioner prays that Your Honor will appoint a suitable time for hearing this complaint and make such order or orders as may be necessary to exhibit the aforesaid under due election and false return, that after hearing the proofs of the aforesaid allegations and charges, your Petitioner prays that Your Honor will order, adjudge, and decree the said election and returns of the said W. Z. Carson to the office of the Clerk of the Circuit Court of Highlands County, Florida, as aforesaid, to be an undue election and a false return and that your Petitioner was at said election duly and legally elected to said office."

The following demurrer was interposed:

"The Contestee, W. Z. Carson, says that the Petition is bad in substance and Demurs thereto, and for substantial matters of law intended to be argued says:

"1. The petition is vague, indefinite and uncertain and does not sufficiently apprise the Contestee of the nature and cause of the action against him to enable him to prepare his defense thereto.

"2. The Petition merely sets forth conclusions of the contestant without proper averment of ultimate fact or facts substantiating the same.

"3. The Petition does not set forth with sufficient certainty the particular grounds on which contestant intends to rely to establish his rights to said office.

"4. The Petition charges the Contestee with no acts either of commission or omission requiring the contestant to answer unto.

"5. The Petition alleges matters affecting the accuracy of the Election returns and does not join the Canvass Board as co-defendants.

"6. That Section 444, Compiled General Laws of Florida, 1927, under and by virtue of which Petition was filed and proceedings brought, is in conflict with the Constitution of the State of Florida in that the Court under and by virtue of said Statute could enter no order, judgment or decree against the Contestee without first, and as a predicate thereof, enter orders, judgments and decrees against other and different individuals who are not parties and who would not be bound by any such order, judgment or decree entered herein."

An order sustaining the demurrer and dismissing the cause was entered as follows:

"The above cause came on this day to be heard before me on Demurrer of the Contestee to the Petition filed by the Contestant.

"After the argument by counsel for the respective parties, and the Court being fully advised in the premises, It is THEREUPON ADJUDGED AND ORDERED that the said Demurrer should be and the same is hereby sustained.

"The court in announcing the foregoing ruling sustaining said Demurrer stated that Cotestant would be allowed ten days within which to amend said petition.

"THEREUPON counsel for contestant, in open court, requested that order sustaining demurrer not allow contestants time to amend, they electing to stand on petition without amendment thereto.

"The Premises considered, it is further ADJUDGED AND ORDERED that the above cause be and the same hereby is dismissed."

The contestant took writ of error and assigns as errors the order and judgment of dismissal.

The statutory provisions under which this proceeding is brought are not shown to violate organic law. No relief is sought against the election officers. The proceeding does

not affect them. The purpose of the statute is not to supersede proceedings by *quo warranto,* but is to afford a simple and speedy means of contesting elections to stated offices. The statute requires the contestant to "set forth in his petition the particular grounds on which he intends to rely to establish his right to such office." Section 444 (379), Comp. Gen. Laws, 1927. Rules of pleading require the allegations of the petition to state with reasonable certainty sufficient specific facts to allege a cause of action so that issue may be joined on the allegations. If a contestant cannot otherwise ascertain the truth of an election return with reference to the ballots cast, an accurate count and return may be had through mandamus where the ballots have been securely kept by the proper officials. See State ex rel. v. Haskell, 72 Fla. 176, 72 So. 651.

Where the contestant has knowledge or reliable information as to illegal or erroneous voting, as to counts and returns of ballots cast in an election, which if duly alleged would be sufficient to state a ground of contest, a recount by mandamus may not be a prerequisite to a statutory contest of the election. If a legal ground of contest is duly alleged, the court may proceed under the statute and may, when appropriate, examine the contents of the ballot boxes that were cast in the election *if* the boxes and ballots have been properly secured and preserved; and the court may by due procedure require the presence of the inspectors and clerks or other persons in determining the integrity of the boxes and of the ballots as cast, or other matters involved in the cause.

The allegations stating the grounds of the election contest in this case are not as definite and specific as those in Southerland v. Sandlin, 44 Fla. 332, 32 So. 786; but the statutory restrictions under which elections are held make it impracticable if not impossible even for interested parties

to obtain specific and definite data with reference to the detailed count, canvass and return of the votes cast at an election; and for this reason the exact number of ballots that may have been illegally or erroneously cast, counted or returned or the particulars wherein the ballots were illegally cast or counted need not be alleged if grounds of contest be otherwise sufficiently alleged showing the petitioner and not the respondent was elected. See Nuccio v. Williams, 97 Fla. 159, 120 So. 310.

In this case it is alleged that the petitioner "actually received a majority of all the votes cast in the election * * * as will appear upon a correct recount and canvass of all of the said votes cast at the said general election for the said office." . That in election precinct No. 1 of the said county the board of inspectors and clerks appointed to hold said election, failed and neglected to perform their duty in that (a) many ballots having the name of a person other than the name of W. Z. Carson written thereon were counted by the said clerks and inspectors as and for votes for the said W. Z. Carson; (b) they erroneously and irregularly counted as ballots cast in favor of the said W. Z. Carson, many ballots on which his name was written, but on which there was no "x" mark opposite his name, either to the right or the left thereof; (c) they counted as ballots cast in favor of the said W. Z. Carson, many ballots upon which the name of the said W. Z. Carson was written, but on which ballots the "x" mark was so placed as to leave it uncertain whether the said "x" mark was opposite the name of your petitioner or opposite the name of said W. Z. Carson; (c) many ballots were counted as cast in favor of the said W. Z. Carson on which ballots a name, or names, were so illegibly written as to be impossible of identification, and that by virtue thereof the total vote for the said W. Z. Carson was in the said election Precinct No. 1, materially less than

the total returned by the Canvass Board of the said County. That a correct call, tally, check and return of all the votes regularly cast in said Precinct will show a substantial loss of votes in favor of the said W. Z. Carson, and a substantial gain of votes in favor of your Petitioner, and that Petitioner, for the reason aforesaid, is entitled to have the votes cast in said Precinct No. 1 correctly counted, checked and returned so as to ascertain the correct number of votes cast for him and the said W. Z. Carson. Similar allegations were made as to other election precincts or districts in Highlands County, Florida.

These and the other allegations of the grounds of contest are sufficient to tender a justiciable issue of fact to be determined by due course of law; and the statute not being shown to be invalid, the demurrer to the petition should have been overruled.

The statute does not provide for making clerks and inspectors of elections or the county canvassing board parties to the statutory election contest, but this does not preclude the summoning of any person as a witness in determining the issues duly formed. The statutory requirements as to marking ballots in casting votes in an election are discussed in Nuccio v. Williams, *supra*.

Reversed.

DAVIS, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.