STATE, *ex rel* J. E. PEACOCK, v. E. A. LATHAM, Chairman of Board of County Commissioners, and O. G. SAGE, Supervisor of Registration of Volusia County, as and constituting a majority- of the County Canvassing Board of Volusia County, Florida, *et al.*

169 So. 597.
Order Entered July 27, 1936.

*Scarlett & Futch, and Stewart & Stewart,* for Relator; *Hull, Landis & Whitehair, Francis P. Whitehair, John S. Byington, H. B. Hodgden, H. E. Couchman, Walter A. Shelley, S. R. Dighton, Harton W. Mabry, J. U. Gillespie, Smith & Fuller, Horn & Ossinsky* and *Louis Ossinsky,* for Respondents.

PER CURIAM.—In this case the motion to quash the alternative writ of mandamus, the motion to dismiss this proceeding and the demurrer to the alternative writ of mandamus are each severally overruled. The relator's demurrer to the plea in abatement is sustained.

The Court holds that the allegations of the alternative writ which are admitted to be true for the purpose of testing the sufficiency of the alternative writ, if uncontradicted and undenied by respondents, are sufficient in law to warrant the issuance of a peremptory writ of mandamus ordering a recount, retally and recanvass of the votes actually cast marked with an appropriate "X" mark and voted for either the relator or his opponent for the office of County Judge in the primary election of June 23, 1936. But neither

the irregularity of the conduct of the election nor the intrinsic validity of the ballots actually received into the ballot boxes can be inquired into in this kind of a proceeding.

The Court is of the opinion, moreover, that upon the authority of the decision of this Court in the case of Farmer v. Carson, 110 Fla. 245, 148 Sou. Rep. 557, the election contest proceeding that is shown to have been instituted by relator in the Circuit Court of Volusia County under authority of Sections 416 C. G. L., 359 R. G. S., 444 C. G. L., 379 R. G. S., affords an efficient available remedy and legal procedure by which the Circuit Court can investigate and determine, not only the legality of the votes cast, but can correct any inaccuracies in the count of the ballots by having them brought into court and examining the contents of the ballot boxes if properly preserved:

The availability of a Circuit Court election contest procedure for correcting inaccuracies in the count of ballots that *affect the result* of an election does not oust the jurisdiction of this Court to correct the count by mandamus, since mandamus for that purpose lies irrespective of whether or not the correction of the count, when made, will change the result. But where both kinds of proceedings are shown to be pending, this Court may arrest its own processes in a mandamus proceeding brought before it in order that a concurrently pending Circuit Court election contest proceeding may proceed to a final conclusion as to matters in issue not capable of being decided in the mandamus proceeding and which, if decided in relator's favor, may make the mandamus proceeding moot.

Therefore the Court will arrest the further progress of this proceeding in mandamus (but retain jurisdiction thereof on its docket) pending the prosecution of a final

conclusion of the election contest proceeding instituted before the Circuit Court wherein equivalent relief may be had in addition to other possible relief not available to be granted in this case.

Ordered accordingly.

WHITFIELD, C. J., and ELLIS, TERRELL, BUFORD, and DAVIS, J. J., concur.

BROWN, J., concurs in the conclusion.