**ELBERT PEARSON, et al., as County Commissioners of LaFayette County, Florida, v. L. S. TAYLOR.**

32 So. (2nd) 826 · June Term, 1947
December 5, 1947 Division B
Rehearing denied December 19, 1947

*Howell, McCarthy, Lane & Howell,* for appellants.

*Davis, Davis & McClure,* for appellee.

ADAMS, J.:

Pursuant to Section 567.12, F.S.A., a bill was filed to vacate and set aside the results of a local option election prohibiting the sale of liquor, when the pleadings were settled, and agreed statement of fact was entered into which disclosed that the

petition submitted to the board of county commissioners for calling the election (Section 567.01, F.S.A.) contained less than 25% of the qualified electors as disclosed by the county registration books. The trial court was of the opinion that the county commissioners were, for that reason, without jurisdiction to call the election and held the same null and void.

Courts of equity do not ordinarily possess jurisdiction to entertain suits regarding election contests in the absence of statute. 18 Am. Jur., p. 359, Sec. 272. In this state such jurisdiction is granted by statute (Section 567.12 F.S.A.) hence the relief afforded will not exceed the scope of the statute. The statute authorizing the contest does not extend to acts or omissions antedating the election. To hold an election is to make a choice. Hall v. City of Madison, 128 Wis. 132, 107 N. W. 31; McKee v. Home S & T Co., 122 Iowa 731, 98 N.W. 609. The duties required to be done leading up to the election, while in many respects may be mandatory, are in no respect a part of the election.

The aggrieved party cannot await the outcome of the election and then assail preceding deficiencies which he might have complained of to the proper authorities before the election. See Payne v. Hodgson, 34 Utah 269, 97 Pac. 132. It is possible that the opinion in Tacker v. Board of County Commissioners, 126 Fla. 15, 170 So. 458, pursuaded the lower court to its conclusion because there we said, in effect, that the filing of a petition signed by the required members of signers was a precedent to any legal election. This statement, like all enunciations of law, must be considered in the light of the factual case before us. There we were dealing with the question raised prior to the election which is not the case here. We have recognized the difference hence it is not necessary to look to other jurisdictions. We have said that the constitution places a mandatory duty on the legislature to follow certain procedure as a necessary prerequisite to bringing about an election to amend the constitution, however, more than once we have said, in substance, that the neglect to follow such procedure was fatal if raised before the election, yet the defect was cured by the election itself. See State ex rel. Landis v. Thompson, 120 Fla. 860, 163 So. 270; Sylvester v. Tindall; 154

Fla. 663, 18 So. (2nd) 892; West v. State of Florida, 50 Fla. 154, 39 So. 412; Crawford v. Gilchrist, 64 Fla. 41, 59 So. 963.

From what we have said, it follows that the decree is reversed with directions to dismiss the bill.

Reversed.

THOMAS, C. J., BUFORD and BARNS, JJ., concur.