## 37601. FOWLER v. BOSTICK.

CARLISLE, Judge. The petition in this case being an action for declaratory judgment seeks substantial relief only in the following particulars: (1) That the court enter a judgment declaring the petitioner entitled to hold the office as Representative of the County of Tift in the General Assembly of the State of Georgia during the years of 1959 and 1960, the petition alleging that the defendant received the majority of votes in the general election and the plaintiff the second largest number; (2) that the court enter a judgment declaring the defendant ineligible to hold office as Representative of the County of Tift in the General Assembly of the State of Georgia during the years 1959 and 1960; and, (3) that the court enter a judgment requiring the defendant to elect whether he will continue to hold the office of Clerk of the Superior Court of Tift County, or whether he will hold the office of Representative of the County of Tift in the General Assembly of Georgia for the years 1959 and 1960. *Held:*

Article 3, section 7, paragraph 1 of the Constitution of 1945 (Code, Ann., § 2-1901) provides: "Each house shall be the judge of the election, returns, and qualifications of its members . . . ." In *Rainey* v. *Taylor,* 166 *Ga.* 476 (143 S. E. 383), the Supreme Court held that the judge of the superior court did not have jurisdiction to hold in a quo warranto proceeding that a member of the General Assembly of Georgia who had been elected to that position and who had been sworn as a member was ineligible or disqualified for membership in that body. While that case was quo warranto, the effect of the ruling there, which was an action to test the eligibility of the defendant to hold a seat in the General Assembly of Georgia while at the same time being a duly elected and acting superintendent of schools for the county for which he was elected, was to hold that each house of the General Assembly has exclusive jurisdiction of the subject matter of that suit, to wit, to determine the qualifications and eligibility of its members, which is the question sought to be adjudicated as to the defendant in this case, and the principle of the ruling therein is controlling on the instant case insofar as any of the substantial relief sought is concerned. For this reason, the trial court did not err in sustaining the general demurrer and dismissing the action.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED APRIL 20, 1959.

*Edward Parrish,* for plaintiff in error.
*Reinhardt & Ireland, Bob Reinhardt,* contra.