**FRANKS v. ADAMS, Secretary of State, et al.**

No. 21009.

Circuit Court, Leon County.

July 12, 1966.

Richard J. Wilson, Gainesville, for plaintiff.

Earl Faircloth, Attorney General, and Wilson W. Wright, Assistant Attorney General, for defendant Board of State Canvassers.

Horne, Rhodes & Lamb, Tallahassee, for defendant Mallory E. Horne.

W. J. Oven, Jr., Tallahassee, for defendant George Lewis.

Defendant Frank J. Alderman, in propria persona.

W. MAY WALKER, Circuit Judge.

*Order of dismissal:* This cause coming on for hearing pursuant to amended notice of hearing on all pending matters, including the several motions to dismiss the bill of complaint, and the court having heard argument of counsel for all of the respective parties with respect to said motions, except for the defendant Frank J. Alderman, who appeared in propria persona and made his own argument, and the court being otherwise fully advised in the premises, it is

Ordered, adjudged and decreed that the said motions to dismiss, and each of them, should be, and they are hereby, sustained, and the said bill of complaint should be, and the same is hereby dismissed.

*Memorandum opinion:* This proceeding, instituted as a statutory election contest under §102.161, Florida Statutes, challenges the qualifications of Mallory E. Horne to be the nominee of the democratic party at the general election in November, 1966, for the office of state senator, eighth senatorial district, upon the ground (alleged upon information and belief) that he violated the party loyalty oath prescribed by §99.021, Florida Statutes. The complaint prays, among other things, that Mr. Horne be ousted as the democratic nominee and that his certification as such nominee by the state canvassing board be cancelled and set aside and the nomination adjudicated void.

Mr. Horne, the state canvassing board, and George Lewis, constituting all of the defendants, save one, have assailed the sufficiency of the complaint to state a cause of action by separate motions to dismiss. A careful consideration of these motions as well as the averments of the complaint, has convinced the court that the plaintiff, Mr. Franks, is not entitled to any relief upon the law and facts alleged by him.

Article VI, section 6, of the constitution of Florida guarantees to Mr. Horne, as a qualified elector, inviolable secrecy as to the candidate or candidates for whom he votes, and, therefore, precludes judicial inquiry into how he voted at the last preceding

general election. Pertinent also is article III, section 6, of the state constitution which ordains that the Senate shall be the "judge of the qualifications, elections and returns of its own members."

Moreover, the irregularity or violation complained about by Mr. Franks is alleged to have occurred long before the 1966 primary election and at the 1964 general election. Yet he awaited the result of the 1966 primary before complaining or presenting his grievance and, therefore, should not now be heard concerning the same.

Furthermore, in the opinion of the writer, the complaint does not meet the requirements of §102.161, supra, pursuant to which this proceeding was instituted. Therefore, let an order be entered dismissing the complaint. State, ex rel. Watson v. Gray, 48 So.2d 84; Pearson v. Taylor, 32 So.2d 826; McDonald v. Miller, 90 So.2d 124; and 8 F.L.P., Elections, §192.