457 So.2d 1140 (1984)
Sydney POLLY, George I. Platt, III, and the Democratic Executive Committee of Broward County, Appellants,
v.
Nicholas G. NAVARRO and Jane Carroll, Supervisor of Elections of Broward County, Appellees.
No. 84-2192.
District Court of Appeal of Florida, Fourth District.
October 23, 1984.
*1141 Robert D. Klausner of Pelzner, Schwedock, Finkelstein & Klausner, P.A., Hollywood, for appellants.
*1142 Linda A. Conahan, Clark R. Kerr, III, and James J. Blosser of English, McCaughan & O'Bryan, Fort Lauderdale, for appellee, Navarro.
Samuel S. Goren of Josias & Goren, Fort Lauderdale, for appellee, Carroll.
BARKETT, Judge.
This is an appeal from a final judgment denying declaratory and injunctive relief. Appellants contend that the trial court erred in refusing to enjoin the Supervisor of Elections from placing the name of appellee Nicholas G. Navarro, the Republican Party candidate for the office of Broward County Sheriff, on the November 6, 1984, ballot. We agree and reverse.
The record before us reflects the following undisputed facts. On January 30, 1984, Navarro executed documents appointing a campaign treasurer and designating a campaign depository, identifying himself as a Democrat. Between January 30, 1984, and July 20, 1984, Navarro solicited and expended funds for his campaign. Various campaign literature and bumper stickers identified Navarro as a Democrat.
On July 20, 1984, Navarro changed his party affiliation from Democrat to Republican. Later that day, he signed a "Statement of Candidate" indicating that he was a Republican candidate for the office of Broward County Sheriff, and that he had "not been a candidate for nomination for any other political party for a period of six months preceding the general election" for which he sought to qualify. Notwithstanding the change of party allegiance, Navarro maintained the same bank account at all times, which contained contributions received while he had been a Democrat. The general election is to be held November 6, 1984, which is within six months of July 20, 1984.
Appellants contend that Navarro's actions violate section 99.021(1)(b)2, Florida Statutes (1983), which bars such party-switching by candidates within six months of an election.
Section 99.021(1)(b), Florida Statutes (1983), provides:
(b) In addition, any person seeking to qualify for nomination as a candidate of any political party shall, at the time of subscribing to the oath or affirmation, state in writing:
1. The party of which he is a member.
2. That he is not a registered member of any other political party and has not been a candidate for nomination for any other political party for a period of 6 months preceding the general election for which he seeks to qualify.
Section 97.021(18), Florida Statutes (1983), defines "candidate" as follows:
(1) "Candidate" means any person to whom any one or more of the following applies:
(a) Any person who seeks to qualify for nomination or election by means of the petitioning process.
(b) Any person who seeks to qualify for election as a write-in candidate.
(c) Any person who receives contributions or makes expenditures, or gives his consent for any other person to receive contributions or make expenditures, with a view to bringing about his nomination or election to, or retention in, public office.
(d) Any person who appoints a treasurer and designates a primary depository.
(e) Any person who files qualification papers and subscribes to a candidate's oath as required by law.
The uncontradicted evidence shows that Navarro was a Democratic "candidate" as defined in section 97.021(18)(c) or (d), Florida Statutes, prior to July 20, 1984. The uncontradicted evidence also shows that Navarro was a Republican "candidate" within 97.021(18)(c), (d), or (e), after July 20, 1984.
Appellees suggest, however, that section 99.021(1)(b)2, Florida Statutes (1983), means that a nominee need only state that he has not qualified pursuant to section 99.061 to run for nomination in a primary election. They further argue that any other construction would render the statute *1143 unconstitutional by infringing upon the associational rights of the candidate and his supporters. We disagree on both points.
The statute is clear and unambiguous. Nothing supports the forced construction appellees would place upon it. Nor can its constitutionality be questioned in light of Storer v. Brown, 415 U.S. 724, 94 S.Ct. 1274, 39 L.Ed.2d 714 (1974). There, the United States Supreme Court upheld a California statute which was far more restrictive than the statute in question here. The California statute provided that any candidate who had been a registered member of a political party within one year of the primary election preceding a general election could not appear on the ballot of that general election could not appear on the ballot of that general election as an independent candidate. The Court noted that the statute furthered the state interests of maintaining the integrity of the various routes to the ballot and of stabilizing its political system. Id. 94 S.Ct. at 1281, 1282. The Court found the latter interest so compelling that the statute would have been held constitutional even if the candidate's right to run for office were deemed a fundamental right. Id. 94 S.Ct. at 1282. In the case before us the relevant disaffiliation period is only six months. Furthermore, the governmental interests of maintaining the integrity of different routes to the ballot and of stabilizing the political system, are clearly served by section 99.021(1)(b), Florida Statutes (1983), and, therefore, it is constitutional. See also Lippitt v. Cipollone, 337 F. Supp. 1405 (N.D.Ohio 1971), aff'd mem., 404 U.S. 1032, 92 S.Ct. 729, 30 L.Ed.2d 725 (1972) (upholding four-year disaffiliation requirement for candidates); Bendinger v. Ogilvie, 335 F. Supp. 572 (N.D.Ill. 1971) (upholding two-year disaffiliation requirement for candidates, and discussing compelling reasons in support thereof).
Clearly, then, as a matter of law, appellee Navarro violated a valid and constitutional statute, to-wit section 99.021(1)(b)2, Florida Statutes (1983). Accordingly, he is not qualified to be the Republican party nominee in the November 6, 1984, election.
Notwithstanding the foregoing, appellees successfully persuaded the court below, and presently contend before us, that the appellants' claim for injunctive relief is barred by the doctrine of laches and unclean hands. We cannot agree.
First, there is no evidence in the record that appellants had notice of Navarro's conduct, or that they delayed in asserting their rights. In fact, only 74 days elapsed between the day Navarro filed for candidacy and the day appellants filed suit. A period of 74 days is hardly a "delay." See Niagara Fire Insurance Company v. Allied Electrical Company, 319 So.2d 594 (Fla. 3d DCA), cert. dismissed, 322 So.2d 925 (Fla. 1975). More importantly, no prejudice has accrued to appellee Navarro. If his candidacy is illegal now, it was never legal and he was never eligible to be elected sheriff. Accordingly, he stands in exactly the same shoes as if he had been declared ineligible on July 21, 1984.
Lastly, the doctrine of laches cannot be permitted to achieve an inequitable or illegal result. Navarro has violated a statute governing eligibility for public office. If he were to win the election, Broward County would have an unqualified sheriff. The application of the equitable doctrine of laches cannot countenance such a result. Nor can the defense of laches be used as a basis for giving legal effect to a void act. Board of Public Instruction v. Little River Valley Drainage District, 119 So.2d 323, 327 (Fla. 3d DCA 1960).
In addition, we find the trial court erred in applying the doctrine of unclean hands as a bar to the requested injunction. There simply was no evidence to support a finding of unclean hands on the part of appellants.
The trial court also erred in holding that appellants were not entitled to an injunction because they had an adequate remedy at law. The general view, and that adopted in Florida, is that "barring fraud, unfairness, disenfranchisement of voters, *1144 etc., it is too late to attack the validity of an election after the people have voted." Baker v. State ex rel. Caldwell, 122 So.2d 816, 826 (Fla. 2d DCA), cert. denied, 122 So.2d 777 (Fla. 1960). In McPherson v. Flynn, 397 So.2d 665 (Fla. 1981), a case where a defeated candidate for the state legislature attempted to have the winning candidate removed because the winning candidate filed a false candidate oath, the court stated:
Since there is no common law right to contest elections, any statutory grant must necessarily be construed to grant only such rights as are explicitly set out. See Pearson v. Taylor, 159 Fla. 775, 32 So.2d 826 (1947). The statutory election contest has been interpreted as referring only to consideration of the balloting and counting process. State ex rel. Peacock v. Latham, 125 Fla. 69, 169 So. 597 (1936); Farmer v. Carson, 110 Fla. 245, 148 So. 557 (1933). The balloting process is distinct from the legal qualifications of the candidates, and we can find no authority for extending an election contest to areas outside the balloting process. See State ex rel. Gandy v. Page, 125 Fla. 453, 170 So. 118 (1936).
Id. at 668. Under McPherson, it appears that appellants would be without a remedy to contest Navarro's unqualified status after the election.
Lastly, we concur with the reluctance expressed by the trial court in taking an action which impacts upon the electoral process and causes an administrative hardship in the conduct of an election. However, the court has a responsibility which cannot be avoided. A dispute has been presented which must be resolved. We are not unmindful of the practical effect that excluding appellee Navarro from the ballot will have upon the voters of Broward County. We must note, however, that to fail to act could result in the election of an unqualified nominee. Our legislature has determined the criteria for valid candidacy, and appellee Navarro does not meet them. We would be remiss in our duty if we allowed him to remain on the ballot.
With reference to the argument that the removal of Navarro results in disenfranchising Republican voters, we note that July 20, 1984, was the last day on which a candidate could qualify as a candidate for the office of sheriff. No other Republican candidates for Broward County Sheriff registered with the supervisor of elections. Had appellee Navarro not switched at the last moment, the Democratic candidate would have been unopposed by a Republican.
For the foregoing reasons, we reverse the order of the trial court and hereby direct the appellee Supervisor of Elections to forthwith remove from the November 6, 1984, ballot the name of appellee Nicholas G. Navarro due to his failure to be a qualified candidate.
Nothing in this opinion shall preclude the supervisor of elections from taking any lawful action to place a successor candidate on the ballot.
A petition for rehearing will not be entertained.
HURLEY and DELL, JJ., concur.