DOWNEY, Judge.
Appellant, George Greenwood, has filed a non-final appeal from an order of July 25, 1988, denying his motion for a temporary injunction against appellee, City of Delray Beach, Florida.
Greenwood’s complaint sought a declaratory judgment, injunctive relief, and damages. The cause of action alleged therein was based solely on allegations that the City failed to give proper notice of the referendum election held in 1986 to effectuate the special act of the legislature known as the “Delray Beach Enclave Act,” which was passed in order to give the City special annexation authority with regard to certain enclaves existing in proximity to the City boundaries. The complaint prayed for a declaration holding the act invalid for failure to meet statutory notice requirements. It also sought damages against the City.
After an evidentiary hearing on the application for temporary injunction, the trial court, on July 25, 1988, denied the motion and Greenwood filed a non-final appeal to this court. Thereafter, on August 31, 1988, *452 the trial court granted the City’s motion to dismiss the cause for failure to state a cause of action but granted Greenwood leave to file an amended complaint. Appellant’s brief states that he amended his notice of appeal to include the order of August 31,1988, “since it was in effect a final order denying the injunctive [sic] sought by appellant.” The record presented here contained no amended notice of appeal, nor is one to be found in the docket sheet of the Clerk of the Circuit Court. Thus, we have no jurisdiction to consider that order, even if it were an appealable order.
On appeal, Greenwood contends the trial court erred in denying his motion for a temporary injunction and later granting the motion to dismiss his complaint. He argues that the Delray Beach Enclave Act provided certain notice requirements for a referendum election to validate the Act that were not complied with, and the City should be precluded from annexing property pursuant to that authority. Hence, Greenwood contends he was entitled to a temporary injunction.
The City, on the contrary, maintains that Greenwood’s complaint was insufficient to entitle him to a temporary injunction because it was not timely filed as required by statute; that the allegations of the complaint did not entitle him to invalidate an election after the fact; and the complaint totally failed to allege the four criteria justifying issuance of a temporary injunction.
The order of July 25, 1988, denying Greenwood a temporary injunction is an appealable non-final order pursuant to Florida Rule of Appellate Procedure 9.130(a)(8)(B), thus we have jurisdiction to review that order.
The City takes the position that Greenwood was not entitled to a temporary injunction because he failed to prove the criteria necessary for issuance of such an injunction, i.e., 1) that he will suffer irreparable harm unless the status quo is maintained, 2) that he has no adequate remedy at law, 3) that he has a clear legal right to the relief requested, and 4) that a temporary injunction will serve the public interest. Playpen South, Inc. v. City of Oakland Park, 396 So.2d 830 (Fla. 4th DCA 1981).
We agree as to grounds 1, 2 and 3 that no adequate showing was made in the complaint or by the proof. Greenwood waited nineteen months after the electors approved the Delray Beach Enclave Act before launching his attack on the validity of its passage. Furthermore, he claims damages in his complaint, which would indicate an adequate remedy at law. Finally, it does not appear that he has a clear legal right to the relief requested. On the contrary, he has numerous legal hurdles to overcome in order to succeed in nullifying the election results as noted by the trial judge. The time delay in bringing action without any allegation of fraud runs afoul of the time limitations for attacking the result of an election based upon noncompliance with notice requirements. Section 102.168, Florida Statutes (1987), provides that a person wishing to contest the result of any question submitted by referendum must file his suit in the circuit court within ten days after the board canvassing the election returns has adjourned. Furthermore, in challenging the result of an election based upon improper notice prior thereto, one must show that he was not aware of the deficiencies prior to the election. Speigel v. Knight, 224 So.2d 703 (Fla. 3d DCA 1969); Pearson v. Taylor, 32 So.2d 826 (Fla.1947). He cannot await the outcome of the election without alleging that the deficiencies were fraudulently hidden or that the results of the referendum election would be different if the notice requirements had been properly met. Greenwood’s complaint contains no allegations to fulfill these pleading requirements. Finally, Greenwood must also contend with the substantial performance rule applicable to compliance with notice requirements. Special Tax School District No. 1 of Duval County v. State, 123 So.2d 316 (Fla.1960).
Since this matter must be remanded for further proceedings, we pause to mention that our comments on Greenwood’s failure to show a clear legal right to the relief *453 sought should not be taken as an adjudication of those rights. The rule being considered has to do with pleading allegations and the issuance of a temporary injunction pendente lite and not with the merits of those legal contentions.
Nevertheless, given the foregoing circumstances, we cannot say that the trial judge abused his discretion in denying the temporary injunction. We, therefore, affirm the non-final appeal from the order of July 25, 1988, and remand the cause for further appropriate proceedings.
LETTS and GUNTHER, JJ., concur.